## WYSONG, In re

Ohio Appeals, 2nd Dist, Montgomery Co.

No. 1564.   Decided Sept. 29, 1939

Joseph W. Sharts, Dayton, for applicant.

Harry Jeffrey, Dayton, Robert Knee, Dayton, for Bar Association.

**OPINION**

BY THE COURT:

Defendant files an application requesting the court,

1. To consider and pass upon all assignments of errors.

2. To state the conclusions of fact found, separate from the conclusions of law.

The Court rendered an opinion in this case on July 7, 1939. On July 26, 1939, the Court rendered a decision upon application for rehearing in which it modified its original opinion so as to provide that the six months disbarment shall start on the date of the journal entry.

We assume that the application now filed indicates that the final journal entry has not yet been entered. If this be the case we regret the delay. The Court has long ago rendered an opinion and can conceive of no reason why the entry should not have been made more promptly if it is as a fact not yet made. The Court gave this case earnest consideration and advised counsel of the basis of its opinion. The Court can not escape the conclusion that the present application must result in an unjustifiable delay.

The first ground of the application is that the Court consider and pass upon all assignments of error. Counsel points out that one of the assignments was, "The Court erred in not sustaining the motion of the respondents to dismiss each of the charges at the close of the prosecution". The record that we have available is that the errors assigned were to the effect,

1. That the Court erred in not sustaining the motion of the respondent to dismiss the charges at the close of the prosecution; and

2 and 3. That the finding of the court as to specifications 2 and 3 are not sustained by sufficient evidence; and

4. That the court erred in admitting evidence.

Sec. 12223-21 GC, provides:

"All errors assigned shall be passed upon by the court. * * *"

This provision of the statute is mandatory. Has the Court already complied? Certainly the finding of the Court that the defendant was guilty as alleged in the third charge constitutes an implied finding on the assignment of error to the effect that the Court erred in not sustaining the motion as to specification 3 and as to the assignment that specification 3 was not sustained by the evidence and as to the claimed error in admission of evidence. Where the court has rendered an opinion there is a presumption that it has passed upon certain assignments of errors.

"When the record permits the presumption as it always should, that the Circuit Court has complied with the section, an inference of much importance not only to the court but in courts inferior to the Circuit Court, arises. That inference is that all assignments of error in the Circuit Court except those which are stated as the basis of the judgment of reversal, are adjudged not to be well taken." **Kramer v Railroad Co., 53 Oh St 436 at p. 445.**

To the same effect is **Weaver v Railroad Co., 76 Oh St 164,** where it is held,

"2. A petition in error prosecuted in this court (Supreme Court) for the reversal of a judgment of reversal rendered by the Circuit Court meets a presumption in favor of the entire record of that court, including its express or implied holding against all assign-

ments of error there made, and not specified as ground of reversal."

On Page 174 it is stated:

"This necessarily implies that it overruled all other assignments of error though such overruling be not expressly stated in the judgment entry."

To the same effect is **Bechtold v Ewing, Admr., 89 Oh St 53**, where the court states on page 56,

"It must be presumed that the Circuit Court passes upon all assignments in a petition in error proceedings before it, and that when it reverses a judgment of the Court of Common Pleas it holds all assignments of error to be not well taken except such as in its mandate may be stated as the basis of its judgment of reversal."

We are of the opinion that the original opinion of the court, while possibly not specifically passing upon all assignments of error, did as a matter of fact, overrule those now called to the court's attention.

The first paragraph of the application will therefore be overruled.

The application is also to the effect that the "court state the conclusions of fact found separately from its conclusions of law."

Counsel refers to §11421-2 GC to sustain his position. This provides in substance that when questions of fact are tried by the court its findings may be general unless with a view of excepting to the court's decision upon questions of law, one of the parties so requests, in which case the court shall state in writing the conclusions of fact found separately from conclusions of law. The answer to this contention readily appears when it is considered that this section applies to procedure in the Common Pleas Court and not in the Court of Appeals. This case was not tried in this Court but is before the court on error proceedings on question of law. The statute has no pertinency in such a situation, and this Court is not obliged as a reviewing court to

state in writing the conclusions of fact separately from the conclusions of law. This is a matter that should have been addressed to the trial court. No such application was made to the trial court and the case was before this Court on appeal on questions of law only, and the evidence upon which the court below based its opinion is set out in the Bill of Exceptions.

Sec. 1522 GC, relating to rules of practice of the Court of Appeals provides that the courts may make and publish uniform rules of practice not in conflict with the statute. We find no statutory proceedings compelling Courts of Appeals to state in writing its conclusions of fact found separately from conclusions of law. However, Rule IX of the Rules of the Courts of Appeals of Ohio provides in substance that the party requesting a finding of facts shall, within five days after the opinion is announced, * * * prepare the finding of facts and submit the same to opposite counsel, etc. The opinion in this case was announced on July 7th and the opinion and rehearing on July 26th, and this is the first application made for a separate finding of facts. We have been referred to **Bittman v Bittman, 129 Oh St 123**, wherein the court holds that a request for special findings of fact and conclusions of law, if made after the Court had announced its decision but before the entry of judgment has been placed upon the journal, is made in time. The ruling of the Court is in reference to an application made to the trial court and has no application to a proceeding on appeal on questions of law. Rule IX above referred to clearly has application to cases in which the Court of Appeals may have original jurisdiction or at most to cases being heard upon appeal on question of law and fact wherein the case is tried before the Court of Appeals de novo.

For the reasons stated the second branch of the application is overruled.

The Court has been prompt in passing upon this application in the hope that the entry will be promptly placed

upon the journal and the order of the court carried into effect.

Judgment accordingly.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.