### HODAPP et v HODAPP

Ohio Appeals, 2nd Dist, Montgomery Co

No 1661.   Decided April 10, 1941

C. J. Stoecklein, Dayton, for defendant-appellant.

Howard P. Williamson, Dayton, for plaintiff-appellee.

### OPINION

BY THE COURT:

A decision was rendered in this case on the merits on the 5th of March, 1941, filed in the office of the Clerk of Courts on the 6th of March and presumably copies of the opinion were

mailed to and received by counsel on the 6th of March. Thereafter, on the 10th of March, appellees moved that this court make separate finding of facts and conclusions of law.

On March 26, 1941, appellant filed an application in which it is claimed that this court is under no duty to comply with the motion of appellees (1) Because the statutory provision therefor, §11421-2 GC has no application to trials in the Court of Appeals, but relates exclusively to procedure in the Common Pleas Court and (2) Because of the failure of appellee to observe Rule IX of our Court, which provides that the party requiring a finding of fact shall within ten days after the opinion is rendered, unless further time be given by the Court, prepare the finding of facts and submit same to opposite counsel, etc.

We are cited to In re Wysong, 30 Abs 31C, in which we held that in that appeal we were not required to accede to a request for separate findings of fact and law. It should be noted, however, that in the cited case, the appeal was on questions of law only, whereas in the instant case, the appeal is on questions of law and fact wherein the court passes upon the issues originally. It is our judgment that §11421-2 GC, although clearly having application to procedure in Common Pleas Court, should in spirit be given application in this court when we are the first triers of the fact.

We are disposed to assist counsel in any proper manner to have the record exemplify the facts upon which we pronounced the law. Counsel for appellee has prepared separate findings of fact and law and brought it to the attention of the Court. If a copy of the finding has not been transmitted to counsel for appellant, it should be done promptly.

Without any commitment as to our attitude in the future toward the observance of Rule IX, we are not disposed, under the circumstances here appearing to enforce it strictly against the appellee and would suggest that counsel for appellant examine the sep-

arate findings which have been tendered to the court, note objections thereto or/and prepare separate finding of facts which, in his judgment, conforms to the factual determination made by this Court. Such action on the part of counsel for appellant should be taken promptly so that the final disposition of this case may be made as expeditiously as possible.

The motion of appellees for separate finding of fact and conclusions of law will be sustained. The motion of appellant will be overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.

## APPLICATION FOR REHEARING

No 1661. Decided May 26, 1941

BY THE COURT:

Submitted on motion of plaintiffs-appellees for rehearing and reconsideration of decision and finding of facts and conclusions of law of this court.

The motion will be overruled.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.