**NICKERSON, Plaintiff-Appellee, v. NICKERSON, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2027. Decided April 9, 1949.

Irvin Carl Delscamp, Dayton, for plaintiff-appellee.
Gus W. Byttner, Dayton, for defendant-appellant.

## OPINION

By WISEMAN, J.

This is an appeal on law from an order of the Common Pleas Court of Montgomery County, Ohio, overruling a motion to vacate a default judgment rendered in a partition suit. Several grounds of error are assigned.

The principal question raised is whether the defendant-appellant had been served with summons in the action. A period of eighteen months elapsed from the time the action was filed until the property was sold. After sale and confirmation thereof, the appellant filed his motion to vacate the judgment.

There was a clear conflict in the testimony. The appellant contends that the summons had not been served upon him.

The return of service shows that he was served personally. When the return is regular on its face there is a presumption in favor of valid service. **32 O. Jur. Section 94, page 483.** This presumption must stand until overcome by proof showing the contrary.

The deputy sheriff, who made the service, testified that he knew the appellant and served the appellant personally on the date stated in the return. Whether the deputy making the service had actually signed the return on the day service was made or on a later date is immaterial in view of the provisions of §11363 GC which authorizes the court to amend any process or correct a mistake in the return, before or after judgment, in the furtherance of justice. See, **Paulin v. Sparrow, 91 Oh St 279, 287.**

In determining whether the appellant had been legally served with summons the trial court was the sole judge of the credibility of the witnesses and the weight to be attached to their testimony. It was within the province of the trial court to believe the evidence presented by the appellee and disbelieve the evidence presented by the appellant. The trial court found that personal service had been made on the appellant. The several orders made by the court, of which appellant complains, conform to such finding. This court can not find from the record that the judgment is not properly supported by the evidence. Finding no error in the record prejudicial to the rights of the appellant the judgment is affirmed.

MILLER, PJ, and HORNBECK, J, concur.

## ON APPLICATION FOR REHEARING

No. 2027. Decided May 13, 1949.

By THE COURT:

Submitted on application of defendant-appellant for rehearing and motion of plaintiff-appellee to strike said application from the files on the ground that there is no provision under

the Rules of Court effective January 1, 1949, permitting a rehearing or the filing of an application for rehearing.

Within ten days after the decision in this case was announced appellant filed his application for rehearing in the office of the Clerk of Courts. Under a former rule of this Court (Rule XI) applications for rehearing were recognized. It is quite evident that appellant has attempted to follow the procedure under the former rule which has been superseded and repealed effective January 1, 1949. There was no provision in the former rules, nor is there in the present rules, for filing an application for rehearing in the cause in the office of the Clerk of Courts. A motion to strike such application from the files is appropriately filed.

While the present Rules of Court do not provide for the filing of an application for a rehearing, such application, if presented, will be given such recognition as the Court deems proper. If a vital question is raised which would require a different decision by the Court, the Court will give due recognition to such application. If the application is without merit, the Court will summarily deny the application or ignore it entirely since no provision is made for a rehearing. Such application should not be filed with a Clerk of Court, but should be presented to the presiding judge of this court.

In the instant case the application fails to present any matter which was not formerly considered by the Court. Appellant contends that the Court did not pass upon all errors assigned as it is required to do by §12223-21 GC. The nature of the question raised warrants a brief discussion.

In arriving at its conclusion all errors assigned were considered. The Court found that the errors assigned were not well made and affirmed the judgment. While the provision in §12223-21 GC, which provides that "all errors assigned shall be passed upon by the Court," is mandatory, sufficient compliance with this provision is shown where the Court finds that there is no error in the record prejudicial to the rights of the appellant and affirms the judgment; such finding being tantamount to overruling each and every error assigned, specific reference to the errors assigned by designated number not being required. In Re Wysong, 30 Abs 316.

The motion to strike the application for rehearing from the files is hereby sustained. Counsel may draw the proper entry.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.