**INGBERG, Plaintiff-Appellant, v. CHAPMAN, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 2053. Decided December 7, 1949.

Froug & Froug, Dayton, for plaintiff-appellant.
Beigel & Mahrt, Dayton, for defendant-appellee.

**OPINION**

By THE COURT:

This is an appeal on questions of law from the judgment of

the Common Pleas Court of Montgomery County, Ohio, affirming the judgment of the Municipal Court of Dayton rendered in favor of the defendant.

This is an action for damages for the conversion of two furnaces. The sole question for determination is whether the two furnaces which were used in the place of business conducted by the plaintiff and the defendant as partners are fixtures. After giving careful consideration to the agreement to dissolve partnership, and the bill of sale, which are not in themselves determinative of the question involved, the issue must be decided by other evidence in the record.

The trial court and the Court of Common Pleas found that the principal test to be applied in this case was whether the partners intended that the two furnaces should be regarded as chattels or as a part of the realty. The intention of the parties must be determined from the facts. With respect to the manner in which the furnaces were installed the evidence shows that the furnaces were set on a concrete base; the gas pipes came from the outside and were connected to the furnaces by the use of couplings; the flue from the furnaces extended upward through a hole in the roof of the building; the furnaces operated by the use of a thermostat. There was nothing peculiar about the installation. Regardless of the fact that the furnaces were a part of the building, if they were regarded as personal property by the partners, the furnaces would pass to the appellant under the bill of sale since all assets of the partnership, except the real estate, were transferred to him.

In such matters one item of evidence alone may point to the intention of the parties. This is true here. In the balance sheet dated July 31, 1946, which was the date on which the agreement dissolving the partnership was executed, the two furnaces were carried as personal property under the item of "Fixed Assets" with the machinery and equipment. This is convincing evidence supporting the contention that the partners did not regard the furnaces as a part of the real estate. On the other hand, it indicates an intention to regard the furnaces as personal property, otherwise they would not have been so listed.

The balance sheet listed the furnaces at $571.17. This was the amount for which the plaintiff brought suit. However, the balance sheet shows a depreciation item of $180.87, and carried the value of the furnaces as of July 31, 1946, at $390.30.

This was the only evidence as to value, but it is of sufficient probative effect on which to base a judgment for the appellant.

It is our opinion the judgment below is contrary to law and it is hereby reversed.

This Court is authorized to render the judgment which should have been rendered. Judgment for plaintiff-appellant for $390.30.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

### ON APPLICATION FOR REHEARING

No. 2053. Decided January 7, 1950.

By THE COURT:

Submitted on application for rehearing and on the motion of the appellant to strike the application for rehearing from the files.

In support of the motion to strike counsel for appellant cites the case of **Nickerson v. Nickerson, 54 Abs 445,** which held that since there is no present rule of Court which provides for the filing of an application for rehearing a motion to strike such application from the files is appropriately filed. However, in the Nickerson case this Court held:

"While the present Rules of Court do not provide for the filing of an application for a rehearing, such application, if presented, will be given such recognition as the Court deems proper. If a vital question is raised which would require a different decision by the Court, the Court will give due recognition to such application."

After giving due consideration to the question presented on the application for rehearing, the Court overrules the motion to strike the application from the files.

The application for rehearing calls attention of the Court to the fact that there was a conflict in the evidence on the question as to whether the parties intended the furnaces to be personalty or a part of the real estate. On this issue different minds could reasonably arrive at different conclusions. We cannot say that the judgment of the trial court was manifestly against the weight of the evidence. We find no merit in the other errors assigned.

Our former opinion will be modified accordingly.

The judgment of the Common Pleas Court, affirming the judgment of the Municipal Court, will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.