## SWOPE *v.* STATE OF INDIANA.

[No. 27,655.   Filed March 10, 1942.   Rehearing denied April 20, 1942.]

*Peter A. Cancilla,* of Indianapolis, for appellant.

*George N. Beamer,* Attorney General, *James K. Northam,* First Assistant Attorney General, and *Francis N. Hamilton,* Deputy Attorney General, for the State.

ROLL, J.—Appellant was charged by grand jury indictment, charging a violation of § 47-1910, § 47-1912, Burns' 1940 Replacement, § 11189-40, § 11189-51, Baldwin's, Acts 1939, ch. 48, § 39 and § 41, p. 289.

The first of the above sections requires the driver of any vehicle involved in an accident resulting in injury to, or death of any person, to immediately stop such vehicle at the scene of the accident, and to forthwith return to and in every event to remain at the scene until he has fulfilled the requirements of section 41 (§ 47-1912).

The second section above mentioned (§ 47-1912) provides that such driver give his name, address, and the registration number of his car to the person struck or injured, and shall render to any person injured in such accident reasonable assistance, etc.

Appellant entered a plea of not guilty, and waived jury trial. The court found the appellant guilty and overruled his motion for a new trial, and also supplemental motion for a new trial.

The only error assigned on this appeal is the overruling of the motion for a new trial, and the supplemental motion for a new trial. The only reason properly

assigned in said motion is that the "finding of the court is contrary to law and not sustained by sufficient evidence."

In passing upon the sufficiency of the evidence, this court will consider only that evidence most favorable to the State. The evidence introduced disclosed the following facts: On the night of October 5, 1940, appellant drove his automobile northeasterly over and along Massachusetts avenue in the city of Indianapolis at a high rate of speed; that it was raining and the streets slippery; that two men, William Cox, and Nicholas Santieu, stepped out from between two automobiles parked along the east side of Massachusetts avenue in front of appellant's car. Appellant's car struck the two men, killing the said William Cox and severely injuring Nicholas Santieu. Appellant stopped his car in about fifty feet and pulled over to the curb, got out and went back to the place where the two men were lying. He remained there a very short time, and one of the persons riding in the car with appellant told him to "beat it." Whereupon appellant left the scene of the accident; went to his car and drove away. Some person who came upon the scene of the accident soon after it happened saw appellant's car and secured the license number.

Appellant was apprehended some two days later. Appellant did not render or offer to render any aid or assistance to either of the persons injured. He left the scene of the accident without giving his name or address or license number to anyone, notwithstanding police officers and other persons appeared upon the scene in a very few minutes after the accident happened.

Appellant's own evidence was sufficient to sustain

the finding of the court. We find no reversible error in the record.

Judgment affirmed.

NOTE.—Reported in 39 N. E. (2d) 947.