HINDMAN ET AL. *v.* STATE OF INDIANA.

[No. 27,863. Filed October 19, 1943.]

*Walter A. Wise* and *Frank E. Martindale,* both of Plymouth, for appellants.

*James A. Emmert,* Attorney General, *Frank Hamilton,* First Assistant Attorney General, and *Frank E. Coughlin,* Deputy Attorney General, for the State.

RICHMAN, J.—Appellants were convicted upon a charge of failing to support their mother based upon § 10-1410, Burns' 1942 Replacement, § 2893, Baldwin's 1934, which concludes with the sentence:

"The provisions of this act shall not apply to children who have not lived with or who have not been supported by their parents when such children were minors."

The evidence discloses that neither appellant lived with nor was supported by his parents during the entire period of his minority.

This sentence was construed in *Lanham et al.* v. *The State* (1935), 208 Ind. 79, 194 N. E. 625, 195 N. E. 73, at page 82, by Judge Treanor as follows:

"Since the language of the act does not qualify the clause 'when such children were minors' we can not construe this clause as defining any period of time less than the full minority of the children. Consequently the act applies only to children whose parents either maintained a home for them throughout their minority or, in lieu thereof, supported them in other surroundings."

The only other permissible construction is suggested by Judge Roll in his concurring opinion in the *Lanham* case, namely, that if the child lived with or was supported by the parents at any time during minority the statutory obligation to support the parents is imposed. This would mean that the statute applies to every child except one who was abandoned at birth.

It seems fair to assume that the Legislature intended to make enforcible by law a moral obligation for the breach of which the common law had never given a remedy. We would accordingly expect the legal obligation to bear some relation to the moral duty. That one who throughout his minority has lived at the expense of his parents should care for them in their years of need is not to be doubted. That one who has never had the slightest assistance from parents has no such obligation can be understood. Between these two extremes are many situations where the moral obligation may or may not exist. It is hardly to be assumed that the Legislature intended to discriminate between children abandoned at birth and those abandoned at the age of one, two, three or five years. Yet under Judge Roll's interpretation the former would be exempt from and the latter within the purview of the statute. On the other hand we can see no substantial difference in

the moral duty of children supported until their emancipation in their teens and those who remain at home until twenty-one years old, contributing their earnings to the family support. Yet the former escape and the latter are subject to the obligation of the statute as construed by Judge Treanor. In this dilemma we would gladly find some compromise construction that would enforce the legal obligation against those morally bound and exempt those who in good conscience ought not be liable. But in the absence of some language of qualification or limitation in the statute itself there is no basis for judicial compromise. The provisions of penal statutes such as this may not be extended by intendment. If they fail to operate fairly in accordance with right and good morals, they may be amended by the Legislature. Judge Treanor's construction, as a part of the principal opinion in the *Lanham* case, *supra,* has been in the books through five succeeding biennial General Assemblies. The Legislature's failure to amend the statute, if it means anything, indicates satisfaction with that judicial construction. It is not wholly satisfying to the present court but we can find no better.

Judgment reversed.

NOTE.—Reported in 50 N. E. (2d) 913.