ROMARY ET AL. *v.* STATE OF INDIANA.

[No. 28,107. Filed December 14, 1945.]

*S. K. Frankenstein* and *James P. Murphy,* both of Fort Wayne, for appellants.

*James A. Emmert,* Attorney General, and *Frank E. Coughlin,* First Assistant Attorney General, for the State.

GILKISON, J.—A prosecution by affidavit against the appellants was filed in the city court of Fort Wayne. From a judgment of guilty, the defendants appealed to the Allen Circuit Court, where the cause was tried by a jury. From a verdict and judgment of guilty there, this appeal is taken.

Appellants assign errors as follows:

"1st. The court erred in overruling appellants' motion in arrest of judgment.
"2nd. The court erred in overruling appellants' motion for new trial."

The cause assigned for the motion in arrest of judgment is "that the facts stated in the affidavit do not constitute a public offense." This cause is agreeable with § 9-2001, Burns' 1942 Replacement.

The affidavit upon which appellants were charged, tried and sentenced, omitting caption, signature and verification, is as follows:

"Jack B. Kammer, being duly sworn, upon his oath, says: that on or about 9 day of July A. D.

1944, at the County of Allen and in the State of Indiana, Ardella Romary, Doris Vaughn, Elizabeth Murray did then and there unlawfully act in a loud boisterious and disorderly manner and to the prejudice of good order of the community of Fort Wayne, Indiana, by then and there associating with various and divers men, acting in a loud and boisterous manner, committing indecent acts within public view being then and there contrary to the form of the statute in such case made and provided."

The statute defining the offense and fixing the penalty, under which the charge is filed is § 10-1510, Burns' 1942 Replacement (Supp.), Acts 1943, ch. 243, § 1, p. 685, which is hereafter quoted in full in State's instruction No. 2.

It is contended by appellants and practically conceded by the State that the affidavit was drawn under § 10-1509, Burns' 1942 Replacement, Acts 1941, ch. 148, § 12, p. 451, which is expressly repealed by § 2 of the 1943 Acts aforenoted.

We are required to determine whether the affidavit is sufficient under the 1943 Acts to withstand a motion in arrest of judgment timely filed.

In considering a motion in arrest, all merely technical defects will be disregarded. *Woodsmall* v. *State* (1913), 179 Ind. 697, 699, 102 N. E. 130, and a fact fairly and rationally inferable from facts pleaded, though stated argumentatively and indirectly, may be deemed as averred. *Agar* v. *State* (1911), 176 Ind. 234, 94 N. E. 819. A material fact, constituting the offense, if stated in a defective manner or form, may on motion to quash, render the indictment or affidavit insufficient, while such defect, on motion in arrest, would be cured by verdict. *Woodworth* v. *The State* (1896), 145 Ind. 276, 43 N. E. 933 and cases cited; *Woodsmall* v. *State, supra.* The evidence may cure a

defect in the affidavit as against a motion in arrest. *Jenkins* v. *State* (1919), 188 Ind. 510, 514, 124 N. E. 748; *Crumley* v. *State* (1933), 204 Ind. 396, 398, 184 N. E. 533.

But under § 9-2001, Burns', *supra*, if there is an entire absence of an essential averment in the affidavit, it is bad on a motion in arrest.

As against a motion in arrest of judgment, the charge in the affidavit that the defendants' conduct alleged was "to the prejudice of the good order of the community of Ft. Wayne, Indiana," is a sufficient charge that such conduct was such as to disturb the peace and quiet of the neighborhood where it took place at 4508 Winter Street, in Ft. Wayne. This is particularly true when there is evidence in the record that it attracted the attention of four policemen when they were some 300 feet away. Why they happened to be at this point at 2:35 o'clock in the morning is not disclosed by the evidence, but it is shown that they stopped there at a lighted house where there was a woman and children up, and with whom one policeman talked. The language and the conduct of the defendants in the yard, within the hearing and view of the public was certainly most offensive, and was such as in its nature would "disturb the peace and quiet of the neighborhood." That a neighbor woman and her children were up and had their light on, would justify an inference that they were disturbed thereby, and the further fact that policemen or others were attracted and disturbed thereby while in the neighborhood, is sufficient to cure any defective averment in the affidavit as to the disturbance of the peace and quiet of the neighborhood, as against a motion in arrest.

The motion in arrest of judgment was properly overruled.

The motion for new trial contains 38 separate specifications. Those which are attempted to be presented in appellants' brief are:

"That the verdict of the jury is contrary to law, and is not sustained by sufficient evidence.

"That the court erred in giving instruction two tendered by the State.

"That it erred in refusing to give instruction ten tendered by appellants.

"That it erred in refusing to exclude Jack Kammer, a witness, from the court room, on appellants' motion for separation of witnesses."

Instruction No. 2 tendered by the State and ██ given by the court is as follows:

"The section of the statute of the State of Indiana upon which the affidavit in this case is heard, reads as follows: 'That whoever shall act in a loud, boisterous or disorderly manner so as to disturb the peace and quiet of any neighborhood or family, by loud or unusual noise, or by tumultuous or offensive behaviour, threatening, traducing, quarrelling, challenging to fight or fighting, shall be deemed guilty of disorderly conduct and upon conviction shall be fined in any sum not exceeding one hundred dollars, to which may be added imprisonment for not to exceed sixty days. (Acts 1943, ch. 243, § 1, p. 685.)' "

Defendants objected to the giving of this instruction, but assigned no specific reasons for their objection. They tendered the same instruction themselves in their instruction No. 12, to which they added the following:

"The court further instructs you that in order to find the defendant or defendants guilty you must find that the defendants whom you may find guilty committed the act or acts as set forth in the aforementioned section of the statute."

The court gave this instruction in full.

There was no error in giving an instruction quoting the statute defining the offense and providing the penalty, upon which defendants were being tried. If there had been error, the defendants could avail themselves of it only by specific objections timely made to the trial court.

Instruction No. 10, tendered by the defendants and refused by the court is as follows:

"The court instructs you that to constitute the offense of disorderly conduct there must be not only loud or unusual noise, tumultuous or offensive behaviour, threatening, traducing, quarreling, challenging to fight or fighting, but there must also in addition be some disturbance of the peace and quiet of the neighborhood or family, and therefore even though you may find that the defendants or either of them did make loud or unusual noise, behaved tumultuously or offensively, threatened, traduced, quarreled, challenged to fight, or fought, such defendant should be found not guilty, if you find that such conduct did not disturb the peace of the neighborhood or family."

Appellants excepted to the court's refusal to give this instruction because it "defined the offense of disorderly conduct as set forth in Acts 1943, Ch. 243, § 1." Under the statute which the court read to the jury in each of the two instructions heretofore noted the jury was fully informed of the law covering the offense charged. The court further told the jury that it must find that the defendants committed some of the acts set forth in the statute, in order to find them guilty. No error was committed in refusing defendants' instruction No. 10 since to have given it would have been a useless repetition. *Rains* v. *The State* (1893), 137 Ind. 83, 91, 36 N. E. 532, and cases cited; *Siberry* v. *State* (1897), 149 Ind. 684, 685, 694, 39 N. E. 936, 47 N. E.

458; *Indiana Pipe Line Co.* v. *Christensen* (1924), 195 Ind. 106, 118, 143 N. E. 596.

There was evidence that the conduct of the defendants in the front yard was libidinous and sensual; their language was boisterous, loud and profane. There were a number of beer bottles near them.

Some of this evidence was denied by the defendants, but this court can not weigh the evidence. It is sufficient to sustain the verdict. The verdict is not contrary to law.

The separation of witnesses at a trial is wholly within the discretion of the trial court. *Coolman* v. *State* (1904), 163 Ind. 503, 72 N. E. 568. "Such separation is not required by statute, nor by any rule of the common law. When asked for, it is granted, not of right, but as a favor." *Coolman* v. *State, supra,* at page 505, 72 N. E. at page 568; *Porter* v. *The State* (1850), 2 Ind. 435. "When an order for such separation of witnesses is made in a criminal cause, it is proper to except the prosecuting witness, and to permit such witness to be present during the examination of the other witnesses." *Coolman* v. *State, supra,* at page 505, 72 N. E. at page 568. When an order separating witnesses is disobeyed by a witness, it is in the discretion of the court to permit the examination of such disobedient witness. *Porter* v. *State, supra; Davis* v. *Byrd* (1883), 94 Ind. 525. It was not error to permit the prosecuting witness, Kammer, to remain in the courtroom during the trial, nor to permit him to testify as a witness thereafter.

Finding no error in the record, the judgment is affirmed.

Note.—Reported in 64 N. E. (2d) 22.