POPE *v.* STATE OF INDIANA; LEWIS *v.* STATE OF INDIANA.

[No. 28, 477 and 28, 478. Filed April 1, 1949.]

*James B. Davidson, William E. McFeely,* both of Richmond, *Roberts & Shepard,* of Liberty, *Moran & Abromson,* of Portland, for appellants.

*Cleon H. Foust* and *J. Emmett McManamon,* Attorneys General, *Frank E. Coughlin,* First Deputy Attorney General, *Merl M. Wall,* Deputy Attorney General, for appellee.

JASPER, J.—The appellants were charged jointly by affidavit with the alleged offense of automobile banditry under § 10-4710, Burns' 1942 Replacement.

They were tried jointly and were convicted. Judgment and sentence of imprisonment followed.

On appeal to this court they have assigned as error the overruling of their motions in arrest of judgment, and the overruling of their separate motions for a new trial.

That part of the affidavit material to the question presented by the motion in arrest of judgment charged the appellants as follows:

"John T. Petro being duly sworn upon his oath says that Sherman Lewis and William Pope on or about the 2nd day of October, 1947, at said County of Union and State of Indiana, did then and there unlawfully, and feloniously rob, take, steal and carry away of the goods and chattels of the Green and White Filling and Service Station, in the town of Liberty, Union County, Indiana, one safe and contents, then and there, belonging to said Green and White Service Station, by violence, and said Sherman Lewis and William Pope, at the said time and place, had on and near the premises whereon said unlawful act was so committed by them an automobile by the use of which they escaped and intended and attempted to escape, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

The statute defining automobile banditry is as follows:

"10-4710 [2548]. Automobile banditry—Use of conveyance in escape or attempted escape.—If any person or persons shall commit or attempt to commit a felony, having at the time on or near the premises where such felony is attempted or committed, an automobile, motorcycle, airplane, or other self-moving conveyance, by the use of which he or they escape, attempt to escape or intend to escape, or having attempted or committed such felony, he or they seize an automobile, motorcycle, airplane,

or other self-moving conveyance, by the use of which he or they escape or attempt to escape, he, they and each of them shall be guilty of automobile banditry, and, upon conviction thereof, shall be imprisoned in the state prison for any determinate period not less than ten (10) years nor more than twenty-five (25) years. [Acts 1929, ch. 54, § 3, p. 136.]"

The appellants' motion in arrest of judgment was on the statutory ground that the facts stated in the affidavit did not constitute a public offense under the laws of the State of Indiana. Counsel for appellants urge that the affidavit did not state a public offense because it failed to allege any value of the goods and chattels alleged to have been taken, and that the affidavit failed to show that said goods and chattels were taken from any person or persons, as required by law.

It is evident from the affidavit filed herein that the State was attempting to allege the felony of larceny, although the word "rob" is mentioned therein, and also that the crime was committed "by violence." Certainly this could not be considered as an attempt to allege the crime of robbery. The prosecution attempted to prove larceny, but failed to allege any fact or facts which constituted or would show the value of the property taken so as to bring the affidavit under the allegation of larceny. Since the allegation of value is an essential element of the crime of larceny, it was necessary for the State to allege value in the affidavit filed in these cases. *Burrows* v. *State* (1894), 137 Ind. 474, 37 N. E. 271; *State* v. *Perley et al.* (1894), 86 Me. 427, 30 Atl. 74; *People* v. *Silbertrust* (1908), 236 Ill. 144, 86 N. E. 203.

In *Chizum* v. *State* (1932), 203 Ind. 450, 453, 180 N. E. 674, the appellant was convicted of automobile

banditry in which robbery was the felony charged. The court said:

"In the instant case, robbery is designated as the felony committed and the facts constituting that offense must be stated in the affidavit."

The State contends that the motion in arrest of judgment is not the proper manner and means to present this question to the court, and that the same should have been presented by motion to quash.

It has been held by this court that, while indictment or affidavit is not subject to the same test by motion in arrest as it is by motion to quash, yet, under § 9-2001, Burns' 1942 Replacement, the affidavit must, on motion in arrest, state facts sufficient to constitute a public offense. A material fact constituting the offense, if stated in a defective manner or form, may on motion to quash render the affidavit insufficient, while such defect on motion in arrest would be cured by verdict. This rule is applicable when an affidavit is first assailed by motion in arrest. Mere technical defects or errors in such event should be disregarded. However, in the affidavit here under consideration there is no attempt by averment, direct or indirect, defective, uncertain or otherwise, to charge the value of the property alleged to have been taken, and, consequently, we are not dealing with a defective or uncertain averment that would be cured by verdict, but with the entire absence of an averment. *Woodsmall* v. *State* (1913), 179 Ind. 697, 102 N. E. 130.

In *Romary* v. *State* (1945), 223 Ind. 667, 671, 64 N. E. 2d 22, 23, the court said:

"But under § 9-2001, Burns', *supra*, if there is an entire absence of an essential averment in the affidavit, it is bad on a motion in arrest."

The court should have sustained the motion in arrest of judgment, and by not doing so committed reversible error.

For the error of the court in the matter herein indicated, the judgment of the circuit court is reversed, with instructions to sustain the motion in arrest of judgment in accordance with this opinion.

NOTE.—Reported in 84 N. E. 2d 887.