KELLEY *v.* STATE OF INDIANA.

[No. 29,099.   Filed May 10, 1954.]

*William L. Travis* and *Palmer C. Singleton, Jr.,* for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Richard M. Givan,* Deputy Attorneys General, for appellee.

GILKISON, J.—In the trial court appellant was charged by an affidavit in two counts.

By count one, he was charged with involuntary manslaughter, in the death of one Robert Howard Smith, while he, appellant, was committing certain unlawful acts, to-wit: driving his automobile into the intersection of 4th Avenue and Grant Street in the city of Gary at a time when the traffic controls there were showing "red" against traffic proceeding in the direction as said Edward J. Kelley was then driving his automobile, and driving his automobile at such time and place while he said Kelley was under the influence of intoxicating liquor.

But upon trial of the case by jury appellant was found not guilty of manslaughter and the court rendered judgment thereon in his favor. We shall therefore give no further attention to count one.

After the evidence was fully heard and each of the parties had rested, defendant moved that certain parts of count two be stricken out, which motion was sustained by the court, and said parts were stricken. Thereafter the state moved to strike out certain additional parts of count two, which motion was sustained and said parts were stricken. All this was done without objection from either side. Thereafter count two of the affidavit was as follows:

"Affiant, being duly sworn, upon his oath says that he is informed and does verily believe that on or about the 22nd day of November, 1952, at and in the County of Lake, and State of Indiana, Edward J. Kelley did then and there unlawfully, while driving and operating an automobile at the intersection of 4th Avenue and Grant Street, public highways in the City of Gary, County and State aforesaid, cause an injury to the person of one Robert Howard Smith, and did then and there leave the place of such accident without stopping and giving his name, residence street and number and license number, then and there being contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Indiana."

After due deliberation the jury returned its verdict finding defendant guilty of leaving the scene of the accident as charged in count two and fixed his punishment at imprisonment in the state prison for one year and by a fine of Five Thousand Dollars.

On May 15, 1953, and before a judgment was rendered on the verdict last noted, defendant filed his motion in arrest of judgment on the verdict rendered on count two of the amended affidavit for the cause:

"That the facts stated in the amended affidavit do not constitute a public offense."

The second count of the affidavit must be based upon

§§47-1910 and 47-1912, Burns' 1952 Repl., which are as follows:

"(a)   The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of Section 41 [§47-1912]. Every such stop shall be made without obstructing traffic more than is necessary.

(b)   Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment for not less than ten [10] days nor more than one [1] year or by fine of not less than ten dollars [10] nor more than five thousand dollars [$5,000], or by both such fine and imprisonment." Sec. 47-1910, Burns' 1952 Repl.

"The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request exhibit his driving license to the person struck or to the driver or occupant of, or person attending any vehicle collided with, and shall render to any person injured in such accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if such carrying is requested by the injured person." Sec. 47-1912, Burns' 1952 Repl.

Of course in Indiana, all crimes are statutory. Sec. 9-2401, Burns' 1942 Repl. We must look to the two statutes quoted above to ascertain what averments must be contained in the affidavit in question in order to charge appellant with a public

offense. Section 47-1912, Burns' 1952 Repl., defines that part of the crime attempted to be charged in count two of the affidavit quite specifically with respect to giving information and rendering aid. It provides that "The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request exhibit his driving license *to the person struck or to the driver or occupant of or person attending any vehicle collided with, . . .*" In the instant case the person struck, the driver, the occupant and the person attending the vehicle collided with, was Robert Howard Smith, who was instantly killed in the accident.

It is a fundamental rule in the construction of statutes that penal statutes must be construed strictly, or, as is otherwise stated, strictly construed against the state. The rule of strict construction means that such statutes will not be enlarged by implication or intendment beyond the fair meaning of the language used, and will not be held to include offenses and persons other than those which are clearly described and provided for although the court may think the legislature should have made them more comprehensive. 82 C. J. S., Statutes, Sec. 389, pp. 922, 924, 928, Secs. 408, 409-Statutes-50 Am. Jur. 432; *Caudill* v. *State* (1946), 224 Ind. 531, 534, 69 N. E. 549; *Gingerich* v. *State* (1950), 228 Ind. 440, 445, 93 N. E. 2d 180; *Moag* v. *State* (1941), 218 Ind. 135, 138, 31 N. E. 2d 629; *Hindman* v. *State* (1943), 221 Ind. 611, 613, 50 N. E. 2d 913; *Manners* v. *State* (1936), 210 Ind. 648, 654, 5 N. E. 2d 300.

Sec. 47-1912, Burns' 1952 Repl. specifically designates the persons to whom the information shall be

given. This designation requires the application of the old rule *"expressio unius est exclusio alterius."* The defendant is not required under this statute to give the information to anyone other than those designated by the statute. The argument that, under the circumstances, he should have given the required information to someone else should be made to the legislature, not to the courts. See the *Board of Education, etc., v. Boal* (1922), 104 Ohio St. 482, 484, 135 N. E. 540.

To charge a public offense under the statutes noted, count two of the affidavit must charge that the defendant failed to give the information required by the statute to one or more of the persons designated by the statute to receive it. This defect in the second count of the affidavit is properly presented in the motion in arrest of judgment based upon the statutory reason "That the facts stated in the amended affidavit do not constitute a public offense." Sec. 9-2001, Burns' 1942 Repl. *Laycock v. State* (1894), 136 Ind. 217, 233, 224, and authorities there cited, 36 N. E. 137; *Woodsmall v. State* (1913), 179 Ind. 697, 699, 102 N. E. 130; *Romary v. State* (1945), 223 Ind. 667, 671, 64 N. E. 2d 22. Overruling the motion in arrest of judgment was reversible error.

Many other questions are properly presented by appellant including the amendment of the first count of the affidavit as to a material matter on the date of the trial, over timely objection made by the defendant, and the denial of defendant's motion for continuance of the cause for sufficient time to enable defendant to prepare to defend against the new matters injected by reason of the amendment. However, as before noted, there was a finding and judgment for the defendant on this count of the affi-

davit. This we think renders these rulings harmless, even if erroneous.

Other questions properly presented are with respect to alleged erroneous rulings in the matter of the admission and rejection of evidence. Since these questions will not likely arise upon a retrial, we shall not burden this opinion by deciding them.

The judgment of the trial court upon the second count of the affidavit is reversed with instructions to sustain the motion in arrest of judgment, and for further proceedings agreeable with this opinion.

Draper, C. J., not participating.

Bobbitt, J., dissenting without opinion.

NOTE.—Reported in 119 N. E. 2d 322.