STATE OF INDIANA *v.* KIMENER.

[No. 29,301. Filed February 20, 1956.]

*Edwin K. Steers*, Attorney General, *Owen S. Boling* and *Richard M. Givan*, Deputy Attorneys General, for appellant.

*O'Neill & O'Neill*, of Logansport, for appellee.

ARTERBURN, J.—This is an appeal by the state of Indiana from the action of the Cass Circuit Court in arresting a judgment of conviction of appellee following the verdict of guilty on a charge of leaving the scene of an accident resulting in personal injury. The action was commenced by the filing of an affidavit under Acts 1939, ch. 48, §39, p. 289, being §47-1910 Burns' 1952 Replacement, and Acts 1939, ch. 48, §41, p. 289, being §47-1912, Burns' 1952 Replacement, which sections read as follows:

"(a) The driver of any vehicle involved in an accident resulting in injury to or death of any person shall immediately stop such vehicle at the scene of such accident or as close thereto as possible, and shall then forthwith return to and in every event shall remain at the scene of the accident until he has fulfilled the requirements of section 41 [§47-1912]. Every such stop shall be made without obstructing traffic more than is necessary.

"(a) Any person failing to stop or to comply with said requirements under such circumstances shall upon conviction be punished by imprisonment for not less than ten [10] days nor more than one [1] year or by fine of not less than ten dollars [$10.00] nor more than five thousand dollars [$5,000], or by both such fine and imprisonment." §47-1910, Burns' 1952 Replacement, *supra.*

"The driver of any vehicle involved in an accident resulting in injury to or death of any person or damage to any vehicle which is driven or attended by any person shall give his name, address, and the registration number of the vehicle he is driving and shall upon request exhibit his driving license to the person struck or to the driver or occupant of, or person attending any vehicle collided with, and shall render to any person injured in such, accident reasonable assistance, including the carrying or the making of arrangements for the carrying of such person to a physician, surgeon, or hospital for medical or surgical treatment, if it is apparent that such treatment is necessary or if

such carrying is requested by the injured person."
§47-1912, Burns' 1952 Replacement, *supra*.

It should be noted at this point that these sections of the statutes provide that where a certain situation exists, namely, an occurrence of an accident involving a personal injury, the driver of the vehicle involved is obligated to perform a series of acts, and a failure in the performance in any particular of a complete chain of acts, constitutes a criminal offense. The statute in substance compels the doing of each of the following acts:

1. The driver involved must stop after the accident.

2. He must identify himself by giving his name and address, etc.

3. He must render assistance and help to the injured person.

The affidavit charging the appellee with an offense herein, omitting the formal parts, reads as follows:

"The undersigned affiant being first duly sworn upon his oath says that at the County of Cass in the State of Indiana on or about the 25th day of April, 1953, Peter L. Kimener did then and there unlawfully while the driver of a motor vehicle, to-wit: a 1952 Plymouth automobile, become involved in an accident, to-wit: the collision of two automobiles on U. S. Road 24, approximately 6½ miles east of the City of Logansport, in Cass County, Indiana, resulting in injury to Otto Richwine, Arla Richwine, Paul Mosier and Lavon Mosier, and fail to remain at the scene of the said accident until he had given his name, address and registration number of the vehicle he was driving and likewise fail to render to the said persons injured in such accident reasonable assistance, including the carrying of or making of arrangements for the carrying of such persons to a physician, surgeon or hospital for medical or surgical treatment when it was apparent that such treatment was necessary, contrary to the form of the

statute in such cases made and provided and against the peace and dignity of the State of Indiana."

The chief contention made by the appellee in his motion in arrest of judgment is that the affidavit under which appellee was tried does not constitute a public offense and in particular, that the affidavit fails "to allege therein, *the name or persons* to whom Appellee should have given the information" as provided in the statute. The appellee cites *Kelley* v. *State* (1954), 233 Ind. 294, 119 N. E. 2d 322, while the State relies to a considerable extent upon the case of *Runyon* v. *State* (1942), 219 Ind. 352, 38 N. E. 2d 235. The Kelley case does not cite or refer to the prior Runyon case. These cases may be distinguished however. In the Kelley case the defendant was charged only with a failure to give his name and address and other required information to the proper persons following the accident, and was not charged with a failure to stop or a failure to render assistance. The court there held (Bobbitt, J. dissenting and Draper, C. J. not participating) that since the statute provided that the driver "shall upon request exhibit his driving license to the person struck or to the driver or occupant of or persons attending any vehicle collided with, . . .", that there was no person coming within the statute to whom such information should be given since, "in the instant case the person struck, the driver, the occupant and persons attending the vehicle collided with, was Robert Howard Smith, who was instantly killed in the accident." In other words, that case held that there was no one to whom the information required to be given, could be given under the statute. That is not the situation in the appeal now before us.

In the Runyon case the charge cited a failure to comply with each of the provisions of the statute, namely,

failure to stop or remain at the scene of the accident; failure to give identifying information; and failure to render assistance. In that case the court held that although the indictment did not state the name of the person to whom the information should be given, it was, nevertheless, sufficient against the motion in arrest of judgment. The evidence showed that there were persons within the statute to whom such information should have been given. Any indefiniteness was cured by the evidence and there was no error in overruling the motion in arrest of judgment.

In the case before us the affidavit does name the four persons injured in the accident and then states that the appellee did "fail to remain at the scene of said accident until he had given his name, address and registration number of the vehicle he was driving and *likewise fail to render to the said persons injured* in such accident reasonable assistance. . . ." (Our italics). We think the statement quoted "likewise fail to render to the said persons injured" is a sufficient reference and identification of the persons to whom the statutes require the information to be given, to make the affidavit sufficient to withstand a motion in arrest of judgment. The affidavit charges a failure to render assistance to persons injured as well as a failure to remain at the scene of the accident until the appellee identified himself. The failure to render assistance to the injured persons under the circumstances is in itself a sufficient allegation of a criminal offense regardless of whether or not appellee identified himself as provided by the statute. The affidavit stated a criminal offense and was sufficient to withstand a motion to quash. The statute mandates the performance of a series of acts when a person is injured as a result of a vehicular accident. The failure to perform any one

of the acts constitutes an offense as well as the failure to perform all of them. *Selby* v. *State* (1904), 161 Ind. 667, 69 N. E. 463.

If the affidavit in question here was sufficient to withstand a motion to quash, then undoubtedly, it is not subject to attack by a motion in arrest of judgment. After trial an affidavit or indictment will be more liberally construed when attacked by a motion in arrest of judgment than where the question is raised prior to trial on a motion to quash. Defects which might be fatal to a charge on a motion to quash, unless gross, will be, as a rule, cured after verdict. 15 Am. Jur., Criminal Law, §435, p. 98; 23 C. J. S., Criminal Law, §1531, p. 1341; *Pope* v. *State; Lewis* v. *State* (1949), 227 Ind. 197, 84 N. E. 2d 887; *Kelly* v. *State* (1953), 231 Ind. 671, 110 N. E. 2d 860; *Day* v. *State* (1934), 207 Ind. 273, 192 N. E. 433.

In considering a motion in arrest of judgment all legal technical defects will be disregarded and facts fairly and rationally inferable as to the facts pleaded, though indirectly stated, may be deemed as averred. *Romary* v. *State* (1945), 223 Ind. 667, 64 N. E. 2d 22.

Although the affidavit might have been framed in more concise language it does identify and name the parties injured to whom the statutes required that the information be given. In addition the affidavit does contain the charge of a public offense in failing to render assistance to the persons injured. This court has previously affirmed the conviction under the statutes with which we are concerned, where it was proved that the defendant complied in part with the statute in stopping but failed to give the required information or assistance. As stated previously a failure to perform any one or a series of acts provided for in the statute constitutes a

criminal offense. *Swope* v. *State* (1942), 220 Ind. 40, 39 N. E. 2d 947.

The action of the trial court in arresting judgment is reversed. This cause is remanded with directions to overrule the motion in arrest of judgment and for further proceedings consistent with this opinion.

Bobbitt, C. J., Emmert and Achor, JJ., concur.

Landis, J., not participating.

NOTE.—Reported in 132 N. E. 2d 264.