BUSH *v.* STATE OF INDIANA.

[No. 29,412. Filed October 2, 1957.]

*Ferdinand Samper,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

BOBBITT, J.—Appellant was indicted under Acts 1951, ch. 277, §1, p. 825, being §10-403, Burns' 1956 Replacement, for assault and battery with intent to gratify sexual desires; tried by jury, found guilty as charged, and sentenced accordingly.

Two questions are presented for our consideration.

1. Did the trial court err in overruling appellant's motion in arrest of judgment?

2. Is there evidence sufficient to support the verdict of the jury?

We shall consider these questions in the order named.

*First:* Appellant asserts that his motion in arrest should have been sustained on the ground that the facts stated in the indictment do not constitute a public offense because the indictment does not show "that the defendant was of the opposite sex."

Section 10-403, *supra*, provides, in part here pertinent, as follows:

"Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens, or attempts to remove, tear, unbutton or unfasten any clothing of any *child of the opposite sex . . . .*" (Our italics.)

The indictment under which appellant was charged, omitting formal parts, is as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that CARRIE ELMER BUSH on or about the 25th day of June, A.D. 1955, at and in the County of Marion and in the State of Indiana, did then and there unlawfully, feloniously and purposely in a rude, insolent and angry manner, touch one . . . . . . . . . . . ., a female child, under the age of sixteen years, to-wit: eleven (11) years of age; and that the said CARRIE ELMER BUSH did then and there in the commission of said offense of assault and battery, remove, and unfasten the clothing of said . . . . . . . . . . . . and did fondle the body of the said child with the intent then and there to gratify the sexual desires or appetites of the said CARRIE ELMER BUSH, then and there being . . . . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."[1]

The rule by which we are governed in the consideration of a motion for arrest of judgment is concisely stated in *State* v. *Kimener* (1956), 235 Ind. 191, 197, 132 N. E. 2d 264, 267, as follows:

"In considering a motion in arrest of judgment all legal technical defects will be disregarded and facts fairly and rationally inferable as to the facts pleaded, though indirectly stated, may be deemed as averred. *Romary* v. *State* (1945), 223 Ind. 667, 64 N. E. 2d 22."

1. The name of the victim of the alleged attack has been omitted by the writer of this opinion.

No motion to quash because of the alleged deficiency was filed. Hence we are here confronted with a situation where the alleged defect or omission in the indictment is first questioned by a motion in arrest of judgment. Under these circumstances there must be an entire absence of an essential averment in the indictment before it is subject to a motion in arrest. *Romary* v. *State* (1945), 223 Ind. 667, 670, 64 N. E. 2d 22; *Pope* v. *State; Lewis* v. *State* (1949), 227 Ind. 197, 201, 84 N. E. 2d 887.

In the case at bar, if there is an entire absence of facts which show that the appellant and the prosecuting witness are of opposite sex, or of facts from which such circumstances may "fairly and rationally" be inferred, then the indictment is not sufficient to withstand a motion in arrest and appellant's motion should have been sustained. However, if such fact of sex is merely stated in a defective manner or form, such defect in this case would be cured by the verdict. *Pope* v. *State; Lewis* v. *State, supra.*

As against a motion in arrest of judgment the allegation in the indictment that "CARRIE ELMER BUSH . . . did then and there unlawfully, . . . touch . . . a female child" is sufficient to show that the child named in the indictment and appellant were of the opposite sex. It may be fairly and rationally inferred from appellant's given name (Carrie Elmer) that he is a male. This fact is shown by the evidence and this is sufficient to cure any defect in the allegation of which appellant here complains.[2]

We agree with appellant that if there is an entire absence of an essential allegation in an indictment or

---

2. While the indictment herein is, we believe, sufficient under the circumstances to withstand a motion in arrest, yet we do not recommend it as a form for future use.

affidavit a motion in arrest will lie.[3] However, such a motion does not bring in review mere technical defects and imperfect or uncertain averments which might be grounds for sustaining a timely motion to quash the indictment. *Pope* v. *State; Lewis* v. *State, supra* (1949), 227 Ind. 197, 201, 84 N. E. 2d 887; *Romary* v. *State, supra* (1945), 223 Ind. 667, 671, 64 N. E. 2d 22; *Shock* v. *State* (1926), 197 Ind. 680, 684, 151 N. E. 827.

There is a distinction between a cause of action imperfectly stated and one where there is an entire absence of an essential allegation which results in no cause of action being stated. *Boos* v. *State* (1914), 181 Ind. 562, 567, 105 N. E. 117. In the first instance the proper manner of attacking the defect is by a timely motion to quash, and the second may be reached by a motion in arrest of judgment.

*Goldstine* v. *State* (1952), 230 Ind. 343, 103 N. E. 2d 438, did not involve a motion in arrest of judgment, but there the defects in the affidavit were questioned by a motion to quash. This case lends no support to appellant's position herein.

The trial court did not err in overruling the motion in arrest of judgment.

*Second:* Appellant asserts that the evidence is not sufficient to show evil intent within the requirements of the statute, and it is suggested that we weigh the evidence of the prosecuting witness. This court has no authority or power to weigh the evidence.

We have carefully examined all of the evidence in the transcript herein and without reciting the repulsive

3. *Kelley* v. *State* (1954), 233 Ind. 294, 299, 119 N. E. 2d 322; *Pope* v. *State; Lewis* v. *State* (1949), 227 Ind. 197, 84 N. E. 2d 887; *Romary* v. *State* (1945), 223 Ind. 667, 64 N. E. 2d 22.

details therein, we believe that considering the evidence as a whole, which the jury must do,[4] there was sufficient evidence of probative value from which the jury could reasonably have inferred the intent required by the statute.

The prosecuting witness here was twelve years of age at the time of the trial. Her testimony was supported by that of other witnesses, including police officers who repeated conversations which they had had with the defendant-appellant after his arrest. The statements made by appellant in the presence of these police officers and repeated by them in their testimony at the trial were not denied or disputed, and such statements support the testimony of the prosecuting witness.

In our opinion there was sufficient evidence to support the verdict of the jury.

The record is replete with evidence that appellant had a fair and impartial trial, and that the able trial judge was extraordinarily zealous in protecting appellant's rights throughout the trial.

For the reasons stated above, the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., Emmert, Landis and Achor, JJ., concur.

NOTE.—Reported in 145 N. E. 2d 10.

---

4. *Breedlove* v. *State* (1956), 235 Ind. 429, 442, 134 N. E. 2d 226.