BRITT v. STATE OF INDIANA.

[No. 30,111. Filed February 27, 1962.]

*John G. Bunner,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General, and *Carl E. Van Dorn,* Deputy Attorney General, for appellee.

ARTERBURN, J.—This is an appeal from a judgment of conviction of appellant of the crime of assault and battery with intent to kill under Burns' §10-401a. Under the motion for a new trial the appellant claims error in the giving of instructions numbered 1, 2 and 4 by the court. Instruction number 1, with the objections thereto, reads as follows:

> "INSTRUCTION NO. 1
>
> "You are instructed that malice may be inferred from the use of a deadly weapon and that intent may be inferred from the circumstances in evidence and the use of a deadly weapon.
> "Stice v. State, 87 N. E. 2d 915 (1950)
>
> > "s/ O. H. Roberts, Jr.
> > Pros. Atty."
>
> "The defendant objects to State of Indiana's Instruction #1 for the reason that the affidavit herein does not state that the purported injury was inflicted by the use of a deadly weapon and, therefore, the defendant was surprised and unprepared to meet evidence as such."

The objection is an indirect attack upon the affidavit and is not one directed to the instruction itself. The appellant in his brief contends that the instruction "is incomplete for the reason that the instruction tells the jury simply that they may presume malice and intent from the use of

a deadly weapon." The objection as made is not sufficient to sustain the points raised. Under Rule 1-7 of this court the objections must be specifically directed to the instruction itself. *Allman* v. *Malsbury* (1946), 224 Ind. 177, 65 N. E. 2d 106.

Instruction number 2, with the objection thereto, is as follows:

"INSTRUCTION NO. 2

"You are instructed that if you find from all the evidence beyond a reasonable doubt that the defendant in attempting to carry out a felonious purpose and intent against the intended victim actually committed the offense on another, the material elements of the crime charged have been satisfied for the law transfers the previous felonious intent from the intended victim to the one upon whom the offense has been committed. *"Noelke* v. *State,* 15 N. E. 2d, 952 (1938)

"s/ O. H. Roberts, Jr.
Pros. Atty."

"The defendant objects to State of Indiana's instruction #2 for the reason that the instruction does not give a complete statement of the law on the subject but rather states that the material elements of the crime have been satisfied, if they find that the defendant intended to commit the offense against another, other than the person injured, and for the further reason that the only evidence in the record that the defendant intended to shoot at someone other than the person injured is contained in State's Exhibit #3, which is a purported confession by which said confession was not voluntary and was taken in violation of the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States and to Article 1, Section 12 of the Constitution of the State of Indiana."

The appellant contends that the instruction is bad because it omits the element of malice. The instruc-

tion does not attempt to give the jury all the elements of the crime of assault and battery with intent to kill. It is basic that an instruction need not contain all the law on the subject. All instructions must be considered together. Ewbank's Indiana Criminal Law, Symmes Ed., Vol. 1, §414.

This instruction does state that "the law transfers a previous *felonious* intent from the intended victim to the one upon whom the offense has been committed." (Our italics) The felonious intent referred to includes the malice and the elements necessary to make it felonious.

Instruction number 4, with these objections thereto, is as follows:

"INSTRUCTION NO. 4

"The jury is instructed that the search and arrest herein without a warrant was legal if, at the time of the arrest, the arresting officers had reasonable or probable cause for believing that the defendant had committed a felony.

"*Stears* v. *State,* 143 N. E. 2d 81, 88 (1957).

"s/ O. H. Roberts, Jr.
Pros. Atty."

"The defendant objects to the State of Indiana's Instruction #4, for the reason that there is no evidence in the record that the defendant had committed a felony prior to the entrance of the prosecuting witness into the house at 903 North Elliott Street; further that the instruction is confusing and ambiguous in that the question to be determined by the jury was not whether or not there was probable cause for believing that the defendant had committed a felony at the time of his arrest, but the real question to be considered by the jury is whether or not the arresting officers had reasonable or probable cause for believing the defendant had committed a felony prior to his arrest and prior to the incident alleged in the affidavit."

Appellant's brief states that it is not contended that the search of the house and the arrest of the appellant after the shooting of the officer was illegal. "The question raised by appellant was whether or not officer Hoover was legally justified in entering appellant's house prior to the shooting." The evidence in this case shows that the appellant at the time of the alleged crime was under a restraining order from molesting his wife or entering the home where his wife lived, but nevertheless he broke into the home and the officer arrested him at the time at that place. He was in no position to object to the entry or search of his wife's home. We see no error in the instruction given. *McCoy* v. *State* (1960), 241 Ind. 104, 170 N. E. 2d 43; *Tyler* v. *State* (1931), 202 Ind. 559, 177 N. E. 197; *May* v. *State* (1953), 232 Ind. 523, 112 N. E. 2d 439.

The appellant made no motion to quash the affidavit but now questions the sufficiency of the charge by a motion in arrest of judgment.

It is contended that the Act of 1959, ch. 49, §1, p. 119 did not contain a proper title, since the Act amended a prior Act by merely increasing the penalty. We feel there is no substance to such objection. The title of the Act reads: "An Act defining the crime of assault or assault and battery with intent to kill." The title of a legislative Act is not required to contain a complete abstract of the contents of the statute, and certainly the penalty involved is comprehended within the title of an Act defining a crime. *State, P. R. R. Co., et al.* v. *Iroq. Cons. Dist. Ct. et al.* (1956), 235 Ind. 353, 133 N. E. 2d 848; *Sarlls, City Clerk* v. *State ex rel.* (1929), 201 Ind. 88, 166 N. E. 270, 67 A. L. R. 718; *Tinder,*

*Pros. Atty., et al.* v. *Music Op. Inc.* (1957), 237 Ind. 33, 142 N. E. 2d 610.

The appellant further contends that the affidavit is insufficient because it does not allege "that the defendant did in any manner touch the person ■ of the victim." However, the affidavit does allege that the appellant did "in a rude, insolent and angry manner shoot and wound" the victim. This is sufficient.

We need not give full consideration to these contentions for the reason that such points must be raised by a motion to quash rather than a motion in ■ arrest of judgment. Although a defective affidavit may be held insufficient on a motion to quash, such a defect on a motion in arrest of judgment would be cured by verdict.

"After trial an affidavit or indictment will be more liberally construed when attacked by a motion in arrest of judgment than where the question is raised prior to trial on a motion to quash. Defects which might be fatal to a charge on a motion to quash, unless gross, will be, as a rule, cured after verdict. [Cases Cited]

"In considering a motion in arrest of judgment all legal technical defects will be disregarded and facts fairly and rationally inferable as to the facts pleaded, though indirectly stated, may be deemed as averred." *State* v. *Kimener* (1956), 235 Ind. 191, 197, 132 N. E. 2d 264, 266, 267; 15 Am. Jur., Criminal Law, §435, p. 98; *Pope* v. *State* (1949), 227 Ind. 197, 84 N. E. 2d 887; *Romary* v. *State* (1945), 223 Ind. 667, 64 N. E. 2d 22.

Finally, it is contended that State's Exhibit #3, which was a written confession of the appellant, was not voluntarily made and was admitted in evidence over the objections of appellant on that ground. The court heard evidence upon the question and the evidence is in

conflict. The appellant at one point testified that the confession was voluntarily given. The substance of his testimony was as follows:

"I am 44 years old. I know Jerry Baggerly. I did ask him to come down that I wanted to give him a statement and he was in the interrogation room at the time I gave the statement. The statement that has been identified as State's Exhibit #3, I didn't see it. State's Exhibit #3 is the statement I gave after I requested Gerald Baggerly to come down that I wanted to talk to him. That is what I wanted to tell Jerry Baggerly through threat and force I told him. Baggerly didn't threaten me. Rudell Clark didn't threaten me but the others did. At the time I gave the statement, only Rudell Clark and Jerry Baggerly were in that room with me and two standing outside. But they were the only two in the room with me. Baggerly kept running out and talking to the other and coming back in. . . . I volunteered and asked for Mr. Baggerly so I could give my side of the story. . . . I voluntarily gave him that statement. That is what was put in State's Exhibit #3."

Appellant in his brief admits that he was not threatened with physical violence, and all the officers deny that there were any threats of such a nature made. The appellant contends, however, that he was unduly interrogated, yet by his own admissions he voluntarily made the statement. The court was the trier of the facts in this regard.

In *Matthews* v. *State* (1959), 239 Ind. 252, 255, 156 N. E. 2d 387, 389, this court said:

"The evidence in the record in this cause is in conflict as to whether the confessions or statements were voluntary or given when appellant was in fear, but as the trial court heard evidence on this subject and accorded appellant a full hearing on this matter, we are not able to disturb

the trial court's ruling based on conflicting evidence that the statements were voluntarily made.

The burden of showing a confession is incompetent is upon the defendant challenging it.

On appeal it is not our privilege to weigh the evidence. The trial court heard the witnesses and could determine better than we their credibility. The fact that a defendant does not have counsel at the time he gave a confession does not make it inadmissible or incompetent for that reason alone. *Eiffe* v. *State* (1948), 226 Ind. 57, 77 N. E. 2d 750; *May* v. *State* (1953), 232 Ind. 523, 112 N. E. 2d 439; *Kelley* v. *State* (1953), 231 Ind. 671, 110 N. E. 2d 860.

We find no error committed by the trial court sufficient to warrant a reversal.

The judgment is affirmed.

Achor, C. J., and Bobbitt and Landis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 180 N. E. 2d 235.