MATTHEWS *v.* STATE OF INDIANA.
[No. 29,575. Filed March 4, 1959.]

*John H. Daily* and *Daily & Daily,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General and *Owen S. Boling,* Deputy Attorney General, for appellee.

LANDIS, C. J.—Appellant was convicted of burglary in the second degree and sentenced for a period of two to five years.

He contends on this appeal that the court erred in admitting into evidence over his objections the oral

and written confessions he gave to police officers during his confinement. The evidence was objected to for the reason that the statements were not voluntary but made under coercion under circumstances which indicate they were given in fear of arrest of his wife and also upon the promise his friend, Ronald Clift, would be released if he gave a statement clearing them.

Both appellant and witnesses for appellee testified relating to the circumstances under which the statements were taken and such testimony is in conflict.

Appellant states he and Ronald Clift were in custody and were questioned together. That the officers told appellant it was up to appellant to release Clift from custody, and that if appellant knew anything about the crime he should tell them so they could release Clift. That appellant was shown what looked like a warrant against his wife and the officers said they would incarcerate her and separate her from the child she had just seven days previously borne, but that if appellant made a statement they would forget about it and let her go and keep the child.

Officer Dukes testified he told appellant that if appellant gave a statement Clift would be released if Clift had nothing to do with it. That after that Clift was released because it was proved by appellant and the investigation that Clift had nothing to do with it, but was a "dupe" in the case. Dukes stated he brought appellant's wife in to visit appellant, that he didn't arrest her nor tell appellant he was going to arrest her.

Appellant's wife testified on behalf of appellant that the officers let her go down and talk to her husband, and that they told her to talk him into confessing. That the officers never arrested her nor said they would do so.

Officer Ratz testified appellant's wife was not taken into custody and that he did not tell appellant if appellant made a statement he would release his wife or anyone else. That he never heard any promises made to appellant and never threatened appellant or made appellant promises but informed him of his rights. That appellant's wife was never arrested, there was never a warrant, and that he believes she came in because of concern over her husband.

Ronald Clift testified as witness for appellant and stated appellant was brought in and questioned in his presence. That he had no knowledge of officers talking to appellant about a statement.

The statute pertaining to the admissibility of confessions provides:

> "The confession of a defendant made under inducement, with all the circumstances, may be given in evidence against him, except when made under the influence of fear produced by threats or by intimidation or undue influences; but a confession made under inducement is not sufficient to warrant a conviction without corroborating evidence." Burns' Indiana Statutes §9-1607 (1956 Replacement), being Acts 1905, ch. 169, §239, p. 584.

We recognize that the law protects accused persons from ill treatment and unfair advantage by law officers, but it is also true that the securing of voluntary confessions from guilty persons is desirable and should be allowed in the interest of public welfare and safety. *Marshall* v. *State* (1949), 227 Ind. 1, 83 N. E. 2d 763; *Mack* v. *State* (1932), 203 Ind. 355, 180 N. E. 279, 83 A. L. R. 1349; *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549.

A confession is prima facie admissible and when police officers arrest a person suspected of or charged

with crime, they may in a proper manner question him, and the law is well settled that the mere fact a confession is made while under arrest does not make it inadmissible in the absence of fear, threats, intimidation, coercion, fraud or undue influence. *Marshall* v. *State* (1949), *supra; Wallace* v. *State* (1956), 235 Ind. 538, 135 N. E. 2d 512; *Sturgeon* v. *State* (1957), 237 Ind. 25, 143 N. E. 2d 411, 413.

The evidence in the record in this cause is in conflict as to whether the confessions or statements were voluntary or given when appellant was in fear, but as the trial court heard evidence on this subject and accorded appellant a full hearing on this matter, we are not able to disturb the trial court's ruling based on conflicting evidence that the statements were voluntarily made. See: *Hawkins* v. *State* (1941), 219 Ind. 116, 37 N. E. 2d 79; *Hicks* v. *State* (1938), 213 Ind. 277, 11 N. E. 2d 171, 12 N. E. 2d 501, (cert. den.) 304 U. S. 564, 82 L. Ed. 1531, 58 S. Ct. 951; *Hamilton* v. *State* (1934), 207 Ind. 97, 190 N. E. 870; *Mack* v. *State* (1932), 203 Ind. 355, 180 N. E. 279, 83 A. L. R. 1349.

The other questions sought to be raised by appellant are not properly before us because of appellant's failure to present them to the trial court.

Judgment affirmed.

Achor, Arterburn, Jackson and Bobbitt, JJ., concur.

NOTE.—Reported in 156 N. E. 2d 387.