DAVIS *v.* STATE OF INDIANA.

[No. 30,668.  Filed February 14, 1968.]

*George P. Dickmann*, and *Dickmann & Dickmann*, of Greenfield, for appellant.

*John J. Dillon*, Attorney General, and *David S. Wedding*, Deputy Attorney General, for appellee.

JACKSON, J.—This appeal comes from the Hancock Circuit Court. Appellant was originally charged, by affidavit in two counts filed in Criminal Court of Marion County, with the crimes of Robbery (Count 1) and Kidnapping (Count 2). The venue of said cause was transferred from Marion County to Hancock County pursuant to the granting of appellant's motion for change of venue from Marion County.

The Hancock Circuit Court granted the State's Motion to Nolle Count 1 of the affidavit subsequent to the filing of a Motion to Quash the original affidavit by the appellant.

The issues were joined by appellant's Plea of Not Guilty to Count 2 of the original affidavit, such Count charging appellant with the crime of kidnapping.

The issues were decided by the verdict of the jury finding the defendant, Wilbur R. Davis, guilty of the crime of kidnapping and by the rendition of judgment thereon by the Hancock Circuit Court.

The verdict of the jury, omitting caption and signature, reads as follows:

"We, the jury, find the Defendant, Wilbur R. Davis guilty as charged in the affidavit and find his age to be 33 years."

The judgment of the Hancock Circuit Court rendered on the verdict of the jury reads as follows:

"Comes now the State of Indiana by George J. Lewis, Prosecuting Attorney. Comes now the defendant, Wilbur R. Davis, in person and by his counsel, George P. Dickmann, all in open Court. The Court, now on the verdict of the jury, finds and adjudges that Wilbur R. Davis is guilty of the offense of kidnaping as charged in the affidavit herein and that said Defendant, Wilbur R. Davis is 33 years old. The Court now orders and adjudges that said defendant, Wilbur R. Davis, be confined in the Indiana State Prison for and during his natural life. The Sheriff of Hancock County is ordered to deliver said Wilbur R. Davis to the Indiana State Prison for the carrying out of this sentence at the expiration of 30 days from the date of the verdict of the jury in this matter. The Defendant, Wilbur R. Davis, is now remanded to custody."

On the 4th day of September, 1962, the State of Indiana filed an affidavit in the Criminal Court of Marion County, Indiana, which affidavit, omitting caption and jurat, reads as follows, to-wit:

"BE IT REMEMBERED, That, on this day before me, PHILLIP L. BAYT Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came CHARLES HAINE who, being duly sworn, upon his oath says that WILBUR R. DAVIS, GEORGE HENRY WILLIS, RONNIE COLEMAN MURRAY AND JANET ATHERTON on or about the 23rd day of AUGUST, A.D. 1962, at and in the County of Marion in the State of Indiana, did then and there unlawfully, feloniously, forcibly by violence and by putting HOWARD HOPKINS, in fear, take from the person and possession of the said HOWARD HOPKINS, UNITED STATES CURRENCY, then and there of the value of TWO HUNDRED AND EIGHTY THREE DOLLARS ($283.00) which property the said HOWARD HOPKINS, then and there law-

fully held in his possession and control, and was then and there the property of HOWARD HOPKINS AND INDIANA MOTELS INC., d/b/a ALAMO PLAZA MOTEL, then and there being contrary to the form of the statute made and provided and against the peace and dignity of the State of Indiana.

*COUNT TWO:*

The affiant aforesaid, upon his oath aforesaid, further says that WILBUR R. DAVIS, GEORGE HENRY WILLIS, RONNIE COLEMAN MURRAY AND JANET ATHERTON, on or about the 23rd day of AUGUST, 1962, did then and there feloniously, and forcibly carry away and kidnap the following person, namely HOWARD HOPKINS, from a place within the State of Indiana to-wit: ALAMO PLAZA MOTEL then and there situate at 7550 EAST WASHINGTON STREET in said County of Marion, in the State of Indiana, with the felonious intention then and there and thereby of carrying the said HOWARD HOPKINS away from said place within said State said acts were not then and there done in pursuance of or under the laws of the State of Indiana or of the United States, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant Davis challenged sufficiency of the affidavit by a Motion to Quash, such motion, omitting heading, reads as follows, to-wit:

"Comes now the Defendant, Wilbur R. Davis, by his attorney, George P. Dickmann, and respectfully moves the Court to quash the affidavit heretofore filed herein for the following reasons:

1. That the facts stated in the affidavit do not constitute a public offense.

2. That the affidavit contains matter which, if true, constitutes a legal bar to the prosecution.

3. That the affidavit does not state the offense with sufficient certainty.

WHEREFORE, the Defendant, WILBUR R. DAVIS, respectfully moves the Court to quash the affidavit heretofore filed herein and for all other just and proper relief in the premises.

. . . .

## MEMORANDUM

The affidavit heretofore filed herein is subject to be quashed for the reason that the affidavit alleges separate and distinct offenses created by separate and distinct statutes of the State of Indiana which are not authorized to be joined in a single affidavit under the law of the State of Indiana. Pleading of separate and distinct offenses created by separate and distinct acts of the statutes or by separate statutes is forbidden, *Strickland* v. *State of Indiana*, 217 Ind. 588, 591; 20 N. E. (2) 950, 951.

It is important to note that the law of the State of Indiana has consistently followed the theory that separate or dissimilar felonies should not and cannot be charged in the same indictment or affidavit. In the case of *McGregor* v. *State* (1860) 16 Ind. 9, 11 the Court makes the unequivocal statement that it is a general proposition that separate felonies should not be charged in the same indictment. In the case of *Griffith* v. *State* (1871) 36 Ind. 406, 407 the Court said that counts for wholly dissimilar felonies cannot be united.

It is also interesting to note that the Criminal Code of the State of Indiana providing for joinder of counts in an indictment or affidavit as embodied in Burns' Indiana Statutes, Volume 4, Part 1 (1956 Repl.), Sections 9-1112 to 9-1114 inclusive make no provision in substance or in fact for joinder of counts charging kidnapping and robbery in the same affidavit.

Misjoinder of separate counts in an indictment or affidavit are properly tested by a motion to quash, and where separate and distinct felonies have been improperly joined the motion to quash should be sustained, *State* v. *Reichert* (1947) 226 Ind. 171, 174; 78 N. E. (2) 785, 787.

It is respectfully submitted that the alleged crimes of kidnapping and robbery incorporated as counts one and two of the affidavit heretofore filed herein are separate and distinct offenses created by separate statutes under the law of the State of Indiana, and the motion to quash said affidavit by the Defendant, Wilbur R. Davis, should be sustained."

On January 6, 1964, the State of Indiana filed a Motion to Nolle Count 1 of the affidavit. Such motion, omitting heading and signatures, reads as follows, to-wit:

"Comes now, NOBLE R. PEARCY, Prosecuting Attorney for the 19th Judicial Circuit, and moves the Court to enter a nolle prosequi to the indictment or affidavit in the cause of the State of Indiana vs. WILBUR R. DAVIS, GEORGE HENRY WILLIS, RONNIE COLEMAN MURRAY AND JANET ATHERTON, for the following reasons, to-wit: NEW AFFIDAVIT TO BE FILED. THIS MOTION IS DIRECTED TO THE FIRST COUNT ONLY, AND DOES NOT AFFECT OR RELATE TO THE SECOND COUNT IN THIS CAUSE, CHARGING THE DEFENDANTS WITH THE OFFENSE OF KIDNAPPING."

The court on the same day sustained the State's Motion to Nolle Count 1 of the affidavit.

January 22, 1964, appellant filed a Plea in Abatement to the affidavit. Such Plea omitting caption and signatures, reads as follows, to-wit:

"Comes now Wilbur R. Davis, who being first duly sworn upon his oath, and for answer in abatement to the affidavit heretofore filed herein says:

1. That on or about the 1st day of September, 1962, he was arrested and taken into custody by the Sheriff of Marion County, Indiana, although no warrant of arrest was read to him at said time.

2. That at the time of and at all times subsequent to said arrest he has never been taken before a magistrate as provided by the laws of the State of Indiana.

3. That at the time of said arrest nor at any time subsequent to said arrest he has not been afforded a preliminary hearing as provided by the laws of the State of Indiana.

4. That a formal warrant for his arrest in regard to the charges now on file against him was not issued nor read to him until the 4th day of September, 1962.

5. That an affidavit charging him with violations of the laws of the State of Indiana was not filed until the 4th day of September, 1962.

6. That subsequent to the granting of a change of venue of this cause of action from Marion County, Indiana, to Hancock County, Indiana he has been the subject of adverse and erroneous publicity in newspapers and radio

broadcasts with wide circulation in Hancock County, Indiana, to the extent that he cannot have a fair trial in Hancock County, Indiana.

7. That a document purporting to be the criminal record of one Wilbur R. Davis has been incorporated in and among the papers transmitted to Hancock County, Indiana, from Marion County, Indiana, and has become a part of the public records in this cause of action without precedent or basis to his extreme prejudice.

8. That it is impossible to determine from the certified records in this cause of action whether or not he has ever been arraigned or advised of his constitutional rights in this cause of action since its inception on the 4th day of September, 1962, to the present date.

9. That he makes this affidavit on the basis of his personal knowledge of the matters contained herein and upon matters of which he has been informed and verily believes.

WHEREFORE, the Defendant, Wilbur R. Davis, respectfully prays the Court to make an order abating this cause of action and for all other just and proper relief in the premises."

January 25, 1964, the State of Indiana filed its Demurrer to appellant's Plea in Abatement. Such Demurrer and supporting memorandum, omitting caption, reads as follows, to-wit:

"Comes now the State of Indiana by Noble R. Pearcy, Prosecuting Attorney, Nineteenth Judicial Circuit, by his Deputy, Donald W. Ward, and demurs to Defendant Wilbur R. Davis' Plea in Abatement for the reason that said Plea in Abatement does not state or allege facts sufficient to constitute a ground for abatement of the action.
. . . .

*MEMORANDUM IN SUPPORT OF DEMURRER*

The State of Indiana respectfully moves the Court to deny Defendant Wilbur R. Davis' Plea in Abatement for the reason that said Plea in Abatement does not state facts sufficient to abate the action.

In *Randolph* v. *State,* 1928, 200 Ind. 210, the Court said:

'The rule is that pleas in abatement must be certain in intent in every particular, and it requires the utmost fullness

and particularity of statement, as well as the highest attainable accuracy and precision, leaving nothing to be supplied by intendment or construction. The pleader must not only answer fully what is necessary to be answered, but must also anticipate and exclude all such supposable matters as would, if alleged on the opposite side, defeat his plea.'

It is obvious from reading Defendant's Plea in Abatement, without going into detail as to each allegation therein, that said Plea is insufficient and should be denied.

The court sustained the Demurrer to appellant's Plea in Abatement January 28, 1964.

On the 3rd day of April, 1964, the jury was empaneled to try this cause. On the 6th day of April, 1964, the preliminary instructions were settled and read to the jury by the court.

The appellee introduced evidence and rested. The appellant Davis filed his Motion For A Directed Verdict, which, omitting the caption and signatures, reads as follows:

"Comes now the Defendant, Wilbur R. Davis, at the close of the evidence by the State of Indiana, and it having been indicated to the Court that the State of Indiana rests its case, the Defendant, Wilbur R. Davis, now respectfully moves the Court to give a peremptory instruction to the jury to find the Defendant, Wilbur R. Davis, not guilty of the offense charged in the affidavit for the reason that the State of Indiana has failed to prove beyond a reasonable doubt all of the material allegations of the affidavit herein and for the reason that the State of Indiana has failed to prove beyond a reasonable doubt that the Defendant, Wilbur R. Davis, forcibly carried away and kidnapped one Howard Hopkins from the Alamo Plaza Motel on the 23rd day of August, 1962.

WHEREFORE, the Defendant, Wilbur R. Davis, respectfully prays the Court to instruct the jury to find the defendant, Wilbur R. Davis, not guilty of the charge alleged in the affidavit herein."

On the 7th day of April, 1964, the court overruled appellant's above motion.

On the 8th day of April, 1964, appellant tendered his written request that the jury be instructed in writing only. Such motion, omitting caption and signature, reads as follows:

"The Defendant, Wilbur R. Davis, at the conclusion of the evidence herein and before the argument of counsel now tender their requested instructions 1 to 11 both inclusive, and respectfully requests that each of said instructions be given and read to the jury as a part of the instructions of the Court.

Said Defendant further respectfully requests the Court to indicate before the argument of counsel which of the instructions of said Defendant the Court will give, or will give as modified, or will refuse to give.

Said Defendant further respectfully requests that the Court indicate the instructions that will be given by the Court of its own motion.

Said Defendant further respectfully requests that the Court indicate before argument of counsel which instructions tendered by the State of Indiana, if any, will be given by the Court, will be given as modified, by the Court, or will be refused by the Court."

The court indicated it would give appellant's tendered instructions 6, 7, 9 and 11 and refused to give appellant's tendered instructions numbered 1, 2, 3, 4, 5, 8 and 10. Appellant raised objections and saved same only to his tendered instructions numbered 1 and 8 in his Motion for New Trial. The appellant objected to the refusal of the court to give his tendered instruction No. 8 "for the reason, that the matter contained in this instruction is not covered by any other instructions indicated to be given by the Court; that the legal definition of force is not included in any such instruction to be given by the court as indicated."

On the 7th day of May, 1964, appellant filed his Motion for a New Trial. Such motion, omitting caption and signature, reads as follows:

"Comes now the Defendant, Wilbur R. Davis, by his attorney, George P. Dickmann, and respectfully moves the Court to grant said Defendant a new trial herein for the following reasons, to-wit:

1. That the Court erred in ordering said Defendant transferred to the Indiana State Reformatory at Pendleton, Indiana, during the pendency of this cause of action as set forth in Civil Order Book 115, page 523 of the records of said Court on the basis of an unverified application for such transfer of said Defendant by the Prosecuting Attorney of Hancock County, Indiana, without affording the Defendant a hearing thereon and without an express finding by said Court that an emergency existed for such transfer.

2. That the Court erred in ordering said Defendant transferred to the Indiana State Reformatory at Pendleton, Indiana, during the pendency of this cause of action as set forth in Civil Order Book 116, page 44 of the records of said Court on the basis of an unverified application for such transfer of said Defendant by the Prosecuting Attorney of Hancock County, Indiana, without affording the Defendant a hearing thereon and without an express finding by said Court that an emergency existed for such transfer.

3. That the Court erred in overruling the motion of the Defendant, Wilbur R. Davis, to declare a mistrial and withdraw said cause and the submission thereof from the jury and discharge the jury on account of the misconduct of the Prosecuting Attorney for the State of Indiana in the trial of this case and in the presence of the jury during the trial of this cause of action in which the Prosecuting Attorney in the course of direct examination of the alleged victim, Howard Hopkins, pointed out, pin pointed and identified this Defendant to said witness prior to the identification of said Defendant by said witness, or any witness, in this case in connection with the events alleged to have occurred in the affidavit heretofore filed herein.

4. That the court erred in overruling the motion of the Defendant, Wilbur R. Davis, for a directed verdict and to instruct the jury to return a verdict of not guilty as to the Defendant, Wilbur R. Davis, at the close of the evidence in chief submitted by the State of Indiana herein as shown by the records of said Court in Civil Order Book 116, page 359.

5. That the court erred in admitting into evidence, over the objection of this Defendant, a certain purported written confession of this Defendant, dated September 2, 1962, identified as State's Exhibit #5, to which the Defendant objected for the reason that it had not been shown by the

evidence that said written statement was freely and voluntarily given by said Defendant, that said written statement was taken in violation of the constitutional rights of said Defendant, that the evidence did not show that the Defendant knew what he was saying at the time of said purported written statement, and that in fact the evidence showed conclusively that the Defendant did not know what he was saying at the time of said written statement.

6. That the Court erred in refusing to give to the jury Defendant's tendered instruction number one, which said instruction reads in the words and figures following, to-wit:

'The Court now instructs the jury to return a verdict finding the Defendant, Wilbur R. Davis, not guilty of the crime of kidnapping as charged in the affidavit herein.'

7. That the Court erred in refusing to give to the jury Defendant's tendered instruction number eight, which said instruction reads in the words and figures following, to-wit:

'If you find from the evidence that Howard Hopkins accompanied the Defendants, or any of them, as they left the Alamo Plaza on August 23, 1962, and that the said Howard Hopkins accompanied said Defendants, or any of them, in passive acquiescence with their direction to go with them, and if you further find from the evidence that the State of Indiana has failed to prove beyond a reasonable doubt that the said Howard Hopkins left said Motel with said Defendants, or any of them, on said date by reason of force and violence or threats of violence at said time and place, then you would not be warranted in finding the Defendants, or any of them, guilty of the offense charged in the affidavit.'

8. The Court erred in failing to rule on the Motion to Quash filed by the Defendant, Wilbur R. Davis, herein as shown by the records of said Court in Civil Order Book 116, page 167.

9. That the Court erred in sustaining the demurrer of the State of Indiana to the Plea In Abatement filed herein by the Defendant, Wilbur R. Davis, as shown by the records of said Court in Civil Order Book 116, page 209.

10. That the Court erred in overruling the Defendant's, Wilbur R. Davis, Motion to Strike a certain report signed by Dwight W. Schuster, M.D., and Earl W. Merricle, M.D., purporting to relate to said Defendant as shown by the records of said Court in Civil Order Book 116, page 345.

11. That the verdict of the jury is not sustained by sufficient evidence.

12. That the verdict of the jury is contrary to law.

WHEREFORE, the Defendant, Wilbur R. Davis, respectfully prays the Court to grant him a new trial in this cause of action and for all other just and proper relief in the premises."

Appellant's Assignment of Errors is the single specification:

"1. That the trial court erred in overruling Appellant's Motion for a New Trial."

A synopsis of the evidence adduced most favorable to the appellee indicates that about 1:00 o'clock A. M. on August 23, 1962, appellant and a companion Janet Atherton went into the office of the Alamo Plaza Motel at 7550 East Washington Street, Marion County, Indiana. The appellant requested a room and was told none were available. Appellant replied it "don't make any difference this is a stick up anyway." Appellant told Janet to open the cash register, which she was unable to do. Appellant then ordered the manager, Howard Hopkins, to open the register, which he did. Janet took the money out of the cash register and picked up a valise. At this juncture George Henry Willis walked in the door and told the manager, "You are going with us." Hopkins testified he did not go with them of his own accord but was forced to go with them to a car where he was forced to the floor in the back seat. Ronnie Coleman Murray was waiting in the car.

After the manager got in the car it was driven east on highway 40 as far as Martin's Ford Sales and then turned to the left. Someone in the front seat said to blindfold Hopkins, and Willis who was in the back seat did so. After he was blindfolded the parties drove around for ten or fifteen minutes. Then they stopped and Hopkins was pulled out of the car into the road where he was hit several times about the head. He fell in the ditch and was hit again, at which time he pretended to pass out. The car and the parties drove away.

Hopkins made his way to a nearby house, asked for assistance and was taken into the house. Police and an ambulance were called. Hopkins was taken to Community Hospital where he received treatment. Some days later he was called down to the Sheriff's office in Marion County where there was a line up of seven men at which time he identified Davis and Willis. He first saw Murray and Miss Atherton in the Sheriff's office, not in the line up.

Appellant's confession, being State's Exhibit 5, was admitted in evidence and reads as follows:

"Q. On or about August 23, 1962, about 1:30 A.M. The Alamo Plaza Motel, located at 7550 E. Washington St. Marion County, was held up and robbed, what do you know of this robbery?

A. I was on that robbery, with a George Henry Willis W/M/33 of 1952 Ruckle St. and a man who I knew as Ronnie, but learned that his full name is Ronnie Coleman Murray, and lives in Beech Grove, and a girl named Janet Atherton. We were all in a old Cadillac, owned by Murray. He did the driving. We just drove around, looking for a spot to take, and when we drove by the Alamo Plaza on E. Washington St. it looked good, so we drove in the drive, then turned around and parked by the office. There was one man on duty. Murray stayed in the car, and I and Janet went in the office, and asked if he had a room. He said no, then I said all right, this is a hold up, give me your money. Janet went behind the counter, and tried to open the cash register, then the clerk came around the counter, and opened the register. She took the money. I later learned that she took $1198.00. I searched the clerk, and put his billfold back in his pocket, then we put the clerk in the back seat of the car, and drove east from the Alamo Plaza, to a car Sales Lot, then Willis put a handkerchief over the clerk's eyes, and made him lay on the floor of the car. Then we drove West to a dark street, and took the clerk from the car. Willis gave me the billfold, and I looked in it and seen some bills in it. I gave the billfold to Janet, to wipe it off. Then Willis and I struck him on the head with a tire tool. We left him lay there. Then we all drove towards town and on the way, Janet gave me $23.00. Will and

Murray got about the same. Then we parked in the rear of 1954 Ruckle St. and we all separated.

Q. Who planned this robbery?

A. We all planned it.

Q. Was there a gun used in this robbery?

A. No there wasn't a gun used, but I pretended to have one.

Q. Are you on Bennies?

A. Yes we were all drinking, and using Bennies.

Q. This George Henry Willis, that was arrested with you, is the same Willis that you mentioned in this statement, are the same person?

A. Yes he is the same.

Q. This picture that I showed you, is the same Ronnie Coleman Murray, that drove the car?

A. Yes he is the same.

Q. Why did you pull this robbery?

A. I am married, and have three children, and my wife is due again, and I needed money, as I am not working.

Q. Is there anything that you want to add to this statement?

A. No. That is the way it was.

I have read and had read to me the above statement, and find it to be true, no threats or promises has been made to me as an inducement to make any statement."

The record in this case is very lengthy and the evidence could be greatly expanded but no reason exists for so doing.

Appellant objected to the introduction of his alleged written statement in evidence on the theory that at the time it was given he was suffering from the effects of excessive drinking, bennies and an epileptic seizure. Appellant produced two witnesses who were in the Marion County Jail with him the day the statement or confession was made. Both were friends. Both said that appellant was "glassy-eyed," "drunk" and "didn't seem to know what he was doing or saying." He kept asking one of the witnesses, Mr. Lafferty, "How long you

been here?" Despite being answered he kept on repeating the question. Appellant was brought to the jail on a Saturday evening. Lafferty testified:

> "Just before breakfast on Sunday morning, Mr. Davis, he went into some kind of a seizure. He screamed and his hands all drawed up and he just started biting his tongue and everything. And a couple of fellows got a spoon and we held him down and got the spoon in his mouth. The Deputies came up and they gave him some kind of medicine which, if I recall right, they said was Pheno-Barbitoll and something."

Dr. Beeson, a defense witness, testified he treated appellant for the after effects of a grandmal epileptic seizure on February 9, 1964. He was qualified as an expert witness. In his opinion, appellant's seizure which was described by Mr. Lafferty could possibly affect the coherence and mental processes for a period of about 48 hours. Intoxicating beverage or benzidrene pills would aggravate the convulsion or series of convulsions, and the after effects.

Officer Thompson, testifying for the State, stated that appellant confessed the crime orally to him, that it was then reduced to writing and that at that time he appeared normal and was not drunk. The witness testified as follows:

> "Q. What or describe his condition to the Jury, if you will, as he appeared to you in your conversation with him.
>
> A. He appeared normal. He understood what we were talking about. In fact, we did not have to try to bring out things, he brought them out to us.
>
> Q. Did he volunteer this information?
>
> A. Yes.
>
> Q. Were his eyes glazed or anything of that nature?
>
> A. No sir."

Officer Haines testified that at the time appellant confessed he "was coherent, sharp, he remembered me from previous case. I seen nothing wrong with him."

We are here confronted with a question of conflicting evidence. It is well settled that the trial court's ruling on the admissibility of a confession will not be disturbed by this Court on appeal when it is based upon conflicting evidence. *Matthews* v. *State* (1959), 239 Ind. 252, 156 N. E. 2d 387.

In the argument section of his brief appellant has set out the various specifications on which he relies for reversal. We will generally discuss them in the same order except in those instances where we have heretofore in this opinion covered the same question.

Under specification A appellant urges cause No. 11 of his motion for new trial. He breaks his argument into three points thereunder:

"(1) Mere suspicion of guilt or mere opportunity to committ (sic) a crime are (sic) insufficient to sustain a conviction. There must be substantial evidence of probative value before a conviction can be sustained, and a mere scintilla of evidence is not sufficient to sustain a conviction.

(2) In examining the sufficiency of the evidence to sustain a criminal conviction the Supreme Court has the duty, as a matter of law, to decide whether evidence is sufficient to cause reasonable doubt. In resolving this question the reviewing court can pass on the credibility of the testimony to the extent of determining whether it meets this test.

(3) Force is a material element of the crime of kidnapping, and where there is no substantial evidence to show force by physical violence or by threats or intimidation by anything said or done to impel one to go, a conviction for kidnapping should be reversed."

On appeal it is well settled that only the evidence most favorable to the State, together with all the reasonable and logical inferences therefrom will be considered. *Beatty* v. *State* (1963), 244 Ind. 598, 194 N. E. 2d 727; *White* v. *State* (1963), 244 Ind. 199, 191 N. E. 2d 486.

This Court in *Beatty* v. *State, supra,* said:

" 'It is only when there is an absence of substantial evidence on an essential element of an alleged crime, or when the evidence is without conflict and leads to but one reasonable conclusion and the verdict of the jury reached a contrary conclusion, that the verdict will be disturbed as not being supported by sufficient evidence or as being contrary to law. *Bowens* v. *State* (1952), 231 Ind. 559, 109 N. E. 2d 91.' *Weaver* v. *State* (1963), 243 Ind. 560, 187 N. E. 2d 485, 488." 244 Ind. at 600, 194 N. E. 2d at 728.

Furthermore, it is well settled that accessories may be tried as principals. Acts of 1905, ch. 169, § 224, p. 584, being § 9-102 Burns' (1956 Repl.) *Ard* v. *State* (1958), 238 Ind. 222, 149 N. E. 2d 825.

Under specification B appellant argues causes 12, 6 and 4 of his motion for new trial, and again breaks his argument into three points thereunder:

"(1) Where there is no evidence, or none upon a particular point, upon which a conviction could be based, the court has a right to say so and direct the jury to find the defendant, not guilty.

(2) The court's action in directing or refusing to direct the verdict shall be shown by order book entry. Error may be predicated upon such ruling or upon the giving or refusing to give a written instruction directing the verdict.

(3) Where there is a failure of proof of a material element, the overruling of a motion for a directed verdict and the refusal to give a requested instruction to return a verdict of not guilty is contrary to law, and the judgment of the trial court should be reversed."

With regard to specification B and points thereunder, this Court has recently held:

" ' "It is thoroughly settled by the decisions in this state that a peremptory instruction directing a verdict in favor of the accused in the trial of a criminal case can only be given where there is a total absence of evidence upon some essential issue, or where there is no conflict in the evidence and it is susceptible of but one infer-

ence, and that inference is in favor of the accused. Where a determination of the issue involves the weight of the evidence or the credibility of witnesses, it is an invasion of the province of the jury for the court to direct a verdict. *State v. Kubiak* (1936), 210 Ind. 479, 4 N. E. 2d 193." *State v. Torphy* (1940), 217 Ind. 383, 388, 28 N. E. 2d 70, 72.' *State v. Patsel* (1960), 240 Ind. 240, 245, 163 N. E. 2d 602, 604." *Wojcik v. State* (1965), 246 Ind. 257, 204 N. E. 2d 866.

Under specification C appellant argues cause No. 3 of his motion for new trial. He breaks his argument into two points thereunder:

"(1) Where it is very clearly apparent that there was an abuse of discretion that did substantial injustice in permitting a leading question, the judgment of the trial court should be reversed.

(2) Where the Prosecuting Attorney for the State has indulged in misconduct in the course of the trial to the prejudice of the defendant, the judgment of the trial court should be reversed."

The controversy and ground three of appellant's motion for new trial arose over the question of the Prosecuting Attorney addressed to state's witness Hopkins, as follows:

"Q. Is that the defendant, Wilbur R. Davis, sitting behind Mr. Dickmann over there?
A. That is so."

While we do not approve of the acts of the prosecutor, we do approve of the action of the trial court in sustaining the objection of appellant's trial counsel thereto. We are of the opinion the objection was waived by appellant's failures to sufficiently and specifically set forth the questions, answers, objections and rulings of the court in regard thereto. See: *Triggs v. State* (1958), 238 Ind. 260, 149 N. E. 2d 545; *Brown v. State* (1939), 216 Ind. 106, 23 N. E. 2d 267. Furthermore, appellant in his confession admitted putting Hopkins in the back seat of the car and had been identified by Hopkins in the police line up long prior to trial.

Appellant's specification D urging cause No. 5 of his motion for new trial has been previously discussed and decided.

Appellant's specification E argues cause No. 9 of his motion for a new trial alleging the defendant in a criminal case is entitled to a Fair and Impartial Trial. The ground argued relates to the alleged error of the court in sustaining the state's demurrer to appellant's Plea in Abatement. The argument is to the effect that by the filing of the demurrer the state admitted that by virtue of adverse and erroneous pre-trial publicity the appellant could not have a fair trial in Hancock County, Indiana; the state admitted defendant Davis had not been taken before a magistrate immediately after his arrest as required by Acts 1905, ch. 169, § 65, p. 584, as amended, being § 9-704 Burns', and that the state admitted that a purported criminal record of the defendant Davis had been incorporated in the court file to the extreme prejudice of the defendant. (In regard to the latter question, counsel for appellant in oral argument before this Court admitted the record mentioned did not get to the jury.)

As pointed out by the state in its answer brief:

"A plea in abatement is an attack on the indictment or affidavit, analogous to a motion to quash, differing in that while a motion is directed to what is apparent on the fact of the pleading attacked, a plea is directed to errors behind the pleading." 8 I.L.E. *Criminal Law* § 92.

"The rule is that pleas in abatement must be certain in intent in every particular, and it requires the utmost fullness and particularity of statement, as well as the highest attainable accuracy and precision, leaving nothing to be supplied by intendment or construction. The pleader must not only answer fully what is necessary to be answered, but must also anticipate and exclude all such supposable matters as would, if alleged on the opposite side, defeat his plea." *Randolph* v. *State* (1928), 200 Ind. 210, 213, 162 N. E. 656, 657.

It is also well settled that a plea in abatement cannot be used to raise matters which should have been raised in bar. 8 I.L.E. *Criminal Law* § 92.

Appellant's specification F urges cause No. 8 of his motion for new trial relating to the court's failure to rule on the appellant's motion to quash the affidavit. The record discloses the original affidavit to which the motion was directed contained two counts; (1) robbery, (2) kidnapping. In our opinion, and evidently the prosecuting attorney felt the same way, the motion to quash was good. Before the court had ruled on the motion to quash the state moved to nolle Count 1, the robbery count. At that point the question in a sense became moot. Had the court sustained the motion to quash, the state could have filed an amended affidavit containing the same averments remaining in Count 2. Appellant's argument that the jury had access to and could be influenced by the contents therein, in the case at bar at least, is not well taken. The physical facts adduced at the trial certainly apprised the jury of the fact that a robbery preceded the kidnapping and was so inextricably interwoven that it could not be separated therefrom. In the case at bar, we can see no harm or prejudice coming to or affecting the defendant by the court's failure to rule specifically on the motion to quash.

In view of the many questions presented by this appeal, the number of co-defendants and the severity of the penalty imposed, we have given careful consideration to the issues involved and presented and perhaps have unduly extended this opinion.

We find no reversible error in the record. The judgment of the trial court is affirmed.

Arterburn and Hunter, JJ., concur.

Lewis, C. J. and Mote, J., concur in result.

NOTE.—Reported in 234 N. E. 2d 853.