GEORGE S. FORD *v*. STATE OF INDIANA.

[No. 1270S300. Filed December 7, 1971.]

*Lawrence D. Renfro,* of New Castle, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of second degree burglary as defined by Burns Ind. Stat., 1956 Repl., § 10-701. Trial by jury resulted in a verdict of guilty of the lesser included offense of entering to commit a felony. Appellant was sentenced to the Indiana State Prison for not less than one nor more than five years and disfranchised for a period of five years.

The record disclosed the following evidence:

State's witness Dalton testified that he picked up Jack Guffey, Larry Sidwell and the appellant in the early morning hours of October 26, 1969. They asked Dalton to take them to get something to drink. He drove them to the Ice House Tavern in New Castle, Indiana, where Jack Guffey and the appellant got out of the car. When they returned they were carrying liquor and Dalton noticed that the appellant was carrying a crowbar. After leaving the scene Dalton had only driven a few blocks when Officer Turner stopped them. Officer Turner testified that he had received a call that someone had broken into the Ice House Tavern, that he drove in the direction of the tavern and saw the automobile in which the appellant was riding proceeding as though the occupants were "in a big hurry." The manner in which the car was being driven aroused Officer Turner's suspicion because of his communication concerning the burglary and as he observed the automobile it drove into a stop street without stopping. At that point the officer stopped the vehicle. In the process of questioning the driver concerning running a stop sign the officer di-

rected a flashlight at the back seat of the car where he observed a crowbar and some bottles of liquor. At that time he required the three men to get out of the car and placed them under arrest for the burglary.

Appellant alleges the trial court erred in overruling his motion to suppress the evidence obtained at the time of the arrest for the reason that the arrest was made without probable cause. The appellant relies upon cross examination of Officer Turner concerning whether or not there was a stop sign actually standing at the intersection when the arrest was made. The officer stated that he knew the street was a preferental street and that he did not examine the stop sign the night of the arrest to make sure it was standing. Appellant implies that this type of cross examination was sufficient to impeach Officer Turner's testimony that the driver of the vehicle had run a stop sign. With this we do not agree. The officer's testimony was specific that the street was preferential and that the driver of the vehicle ran a stop sign. Mere argumentative cross examination as to whether he saw the stop sign that night is not sufficient to established that no sign existed and that the officer did not in fact see the traffic offense committed in his presence. We hold the testimony of the police officer taken in its entirety is sufficient to support a finding by the jury that the driver of the vehicle did in fact run a stop sign on the night in question

The arrest for a traffic violation was valid, the officer was within the reasonable exercise of his duty in directing his flashlight into the interior of the vehicle for his own safety and for reasonable investigation. Observation of articles in plain view does not constitute a search. *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N. E. 2d 413, 24 Ind. Dec. 268. In so doing, when the officer observed the crowbar and the liquor in plain view, that coupled with his prior communication that a burglary of a tavern had just occurred in the neighborhood, gave him probable cause to place the appellant and his companions under arrest for burglary. *Pat-*

*terson* v. *State* (1970), 255 Ind. 22, 255 N. E. 2d 520, 20 Ind. Dec. 290.

We hold the facts in this case support the finding of the jury that the initial arrest for traffic violation was valid and that the subsequent arrest on the charge of burglary was made with probable cause and thus was also a valid arrest. We find no reversible error in this case.

The trial court is, therefore, affirmed.

Arterburn, C. J., and Hunter and Prentice, JJ., concur; DeBruler, J., dissents with opinion.

## DISSENTING OPINION

DEBRULER, J.—I remain convinced that a police officer conducts a search within the meaning of the Fourth Amendment, when after stopping a car at night for a minor traffic offense, he proceeds to examine the entire interior of the car by shining a flashinglight around inside it, in hopes of discovering evidence of unrelated crimes he suspects were committed by its occupants. This is to me nothing more nor less than an exploratory and general search for incriminating evidence prohibited by the Fourth Amendment. I hereby incorporate my dissent in *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N. E. 2d 413.

NOTE.—Reported in 275 N. E. 2d 808.