JUNIOR HAROLD PRESLEY *v*. STATE OF INDIANA.

[No. 272A98. Filed June 29, 1972.]

638

*Don P. Campbell,* of Covington, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

ROBERTSON, P.J.—This is an appeal from the Parke Circuit Court wherein the defendant, Junior Harold Presley, was tried by jury and found guilty of the crime of first degree burglary. Presley's motion to correct errors, which was overruled by the trial court, alleges that the verdict is contrary to law and not sustained by sufficient evidence for the following reasons:

1. That the affidavit does not set forth facts sufficient to constitute an offense and is insufficient to sustain a conviction of first degree burglary.
2. That the court erred in giving to the jury State's Instruction Number Five.
3. That the court erred in admitting into evidence a camera which was obtained by an illegal search and seizure.

The allegedly defective affidavit upon which Presley and his accomplice were prosecuted and convicted reads:

"Gary Cooper being duly sworn upon his oath says: That Junior Harold Presley and Vernon Eugene Judy, on or about the 26th day of July, 1970, at and in the county of Parke, in the State of Indiana, did then and there unlawfully, feloniously and burglarously break and enter into the dwelling house of James Brook in which the said James Brook then lived, with the intent to commit a felony therein, to-wit: To unlawfully take, steal and carry away the goods and chattels and personal property of the said James Brook, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

It is argued that the affidavit is defective in that it charges the defendant with breaking and entering with the intent "to

unlawfully take, steal, and carry away goods . . ." which constitutes the elements of the offense of larceny. Prior to the enactment of the Offenses Against Property Act, IC 1971, 35-17-5-1, Ind. Ann. Stat. § 10-3028 (1971 Supp.) *et seq.*, in 1963, larceny was a statutory offense. The larceny statutes, however, were repealed in 1963 and replaced by the theft statutes. It is, therefore, contended that since the offense of larceny rather than theft was set forth as the intended felony of the breaking and entering that the affidavit omitted an essential element and failed to properly inform the defendant with sufficient certainty of the charges against him. The logic of this contention breaks down with the realization that the Offenses Against Property Act did not eradicate the offense of larceny but rather consolidated larceny as well as several other theft crimes with the exception of robbery under the general heading of theft, and abandoned the traditional use of such terms as larceny. The intent of the Legislature to do so is expressly stated in IC 35-17-5-2, Ind. Ann. Stat. § 10-3029:

> "Specifically, it is the purpose of this act to consolidate all of the theft group of crimes except robbery, and traditional terminology has been abandoned in order that that purpose may be achieved. Consequently, whenever the terms 'larceny,' 'obtaining by false pretenses,' 'embezzlement,' 'receiving or concealing property knowing it to have been stolen,' 'blackmail,' or similar terms are used in any existing procedural or substantive statute or rule, they shall be construed to mean theft as described herein. [Acts 1963 (Spec. Sess.), ch. 10, § 2, p. 10]."

While the use of the term "larceny" has been abandoned in favor of "theft" it is nonetheless clear from the expressed legislative intent that the offense of larceny survives. Thus, we are unable to agree with the argument that "defendant was charged with breaking and entering into the house of James Brook with the intent to commit a crime that no longer exists in the State of Indiana". Our disagreement with this argument is further supported by *Hanrahan* v. *State* (1968), 251 Ind. 325, 241 N. E. 2d 143, where it was con-

tended that the affidavit upon which the defendant was prosecuted and convicted of issuing a fraudulent check and forgery was grounded in Ind. Ann. Stat. § 10-2105 (Burns 1956) which was repealed by the Offenses Against Property Act and therefore the trial court lacked subject-matter jurisdiction. In response to that argument it was held that:

> "The allegations in the affidavit are clearly sufficient to constitute a crime under Ind. Ann. Stat., § 10-3037 (1968 Supp.). Any similarity in languages between the affidavit and the repealed statute is inconsequential and unavailing to appellant."

It is next asserted that the trial court erred in giving to the jury, over defendant's objection, the State's Instruction No. 5, which reads:

> "I submit this case to you, with the confidence that you will faithfully discharge the grave duty resting upon you, bearing in mind that the liberty of the accused is not to be trifled away, nor taken by careless or inconsiderate judgement, but if after a careful consideration of the law and the evidence in the case, you are satisfied beyond a reasonable doubt that the defendant, Junior Harold Presley, is guilty, you should return your verdict accordingly. Duty demands it and the law requires it. You must be just to the defendant and equally just to the State. As manly, upright men and women charged with responsible duty of assisting the Court in the administration of justice, you will put aside all sympathy and sentiment, and look steadfastly and alone to the law and the evidence in the case, and return into Court such a verdict as is warranted thereby."

This instruction was objected to, and is presently claimed to be improper, for the reason that "the instruction tends to be mandatory and indicates to the jury that they should find the defendant guilty because duty demands it and the law requires it." Defendant's objection to this instruction fails to point out, either inadvertently or otherwise, that the allegedly mandatory portion of the instruction is contingent upon the jury being satisfied beyond a reasonable doubt that defendant is guilty. It is well established that where the jury is satisfied that the defendant's

guilt has been established beyond a reasonable doubt, that they have no choice, but must find him guilty, and it is not error to so instruct them. *Bowman* v. *State* (1934), 207 Ind. 358, 192 N. E. 755; *McCaughey* v. *State* (1901), 156 Ind. 41, 59 N. E. 169; *Blocher* v. *State* (1912), 177 Ind. 356, 98 N. E. 118; and *Reynolds* v. *State* (1896), 147 Ind. 3, 46 N. E. 31. Accordingly, we are unable to agree that the giving of this instruction was error.

Defendant's final allegation of error relates to the seizing of a stolen camera without a search warrant in defendant's home at the time of his arrest. It is argued that the camera was the fruit of an unlawful search and seizure as prohibited by the Fourth Amendment, and as such should not have been admitted, over defendant's objection, in evidence. According to the testimony of one of the arresting officers, the camera was seized in a back bedroom of the Presley home immediately following the arrest of the defendant in an adjoining hallway. The officers had entered the bedroom after defendant's accomplice, who they believed to be in the house, failed to appear when called by the officers. The accomplice was found hiding behind a coat-rack in the closet of the bedroom. The officer further testified that upon entering the bedroom he saw an expensive looking camera lying next to the bed, and with the belief that it was the same camera which had been reported stolen he picked it up and took it into his custody.

Defendant raises no argument as to the legality of the arrest, but solely with the constitutionality of the warrantless seizure of evidence. Indeed, it is such a well recognized rule that a warrant is required to validate a search that it needs no citation of authorities. However, the rule is not without exception. Thus, it was acknowledged in *Coolidge* v. *New Hampshire* (1971), 403 U.S. 443, 91 S. Ct. 2022, 29 L. Ed. 2d 564, that:

"Where the initial intrusion which brings the police within plain view of such an article is supported not by a warrant, but by one of the recognized exceptions to the war-

rant requirement, the seizure is also legitimate. Thus the police may inadvertently come across evidence while in 'hot pursuit' of a fleeing suspect. *Warden* v. *Hayden, supra.* Cf. *Hester* v. *United States,* 265 U.S. 57. And an object which comes into view during a search incident to arrest that is appropriately limited in scope under existing law may be seized without a warrant. *Chimel* v. *California,* 395 U.S. 752, 762-763. Finally, the 'plain view' doctrine has been applied where a police officer is not searching for evidence against the accused, but nonetheless inadvertently comes across an incriminating object. *Harris* v. *United States,* 390 U.S. 234; *Frazier* v. *Cupp,* 394 U.S. 731; *Ker* v. *California,* 374 U.S. 23, 43. Cf. *Lewis* v. *United States,* 385 U.S. 206.

What the 'plain view' cases have in common is that the police officer in each of them had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused. The doctrine serves to supplement the prior justification— whether it be a warrant for another object, hot pursuit, search incident to lawful arrest, or some other legitimate reason for being present unconnected with a search directed against the accused—and permits the warrantless seizure."

Indiana has recently voiced its agreement with the "plain view" doctrine in *Ford* v. *State* (1971), 257 Ind. 498, 275 N. E. 2d 808, and *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N. E. 2d 413. In *Alcorn, supra,* the Indiana Supreme Court quoted with approval the following language from *Harris* v. *U.S.* (1968), 390 U.S. 234, 19 L. Ed. 2d 1067: "It has long been settled that objects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." (Citing authorities).

It is our opinion that in the instant case the officer "had a prior justification for an intrusion in the course of which he came inadvertently across a piece of evidence incriminating the accused." *Coolidge, supra.* Clearly, at the time the officer inadvertently saw the camera laying next to the bed in "plain view" he was not searching for evidence but was in the course of entering the bedroom for the lawful purpose of arresting Presley's hiding accomplice.

We find it unnecessary to discuss the argument put forth in Presley's behalf, that the seizure of the camera was unlawful because it failed to conform with the limitations on a search incident to a lawful arrest as pronounced in *Chimel* v. *California* (1969), 395 U.S. 752, 89 S. Ct. 2034, 23 L. Ed. 2d 685. The seizure of the camera was not the product of a search incident to arrest but rather, as heretofore set out, the result of an inadvertent sighting of evidence in plain view during the course of a lawful intrusion for the purpose of capturing a hiding suspect.

It is, therefore, concluded that the evidence was not the fruit of an unlawful search and seizure, and that the trial court properly overruled the objection to its admission.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported in 284 N. E. 2d 526.