STERLING GRIFFIN *v*. STATE OF INDIANA.

[No. 671S193. Filed August 8, 1972. Rehearing denied October 30, 1972.]

*Charles W. Symmes,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Schaefer,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Sterling Griffin, appellant (defendant below) from a conviction for possession of heroin. Appellant entered a plea of not guilty, was tried by a jury and was found guilty. He was sentenced to the Indiana State Prison for a term of not less than two (2) years nor more than ten (10) years. Appellant filed a Motion to Correct Errors which was overruled and this appeal followed.

Appellant makes two main contentions of error in this appeal. (1) He claims the alleged search of his apartment which produced the bottle of heroin was in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States. (2) He claims the evidence was insufficient to establish possession and control of the heroin.

The facts of the case which are applicable to both contentions are as follows. On January 16, 1970, two narcotics officers observed appellant emerge from his apartment building and walk to a phone booth at the corner. The officers approached as appellant emerged from the phone booth and they observed appellant toss a bottle into the street and drop a revolver to the ground. The officers retrieved the revolver, arrested appellant for a firearms violation, and informed him of his rights. Appellant was searched and eight hundred

dollars ($800.00) was found on his person. Appellant requested that they go by his apartment before taking him to the station so that he might inform his common law wife of his arrest. They went to his residence and were admitted by appellant's wife. While inside the one-room apartment, one of the officers, who had extensive training in narcotics, noticed a labeled, brown glass, patent medicine bottle on the chest. He observed that the bottle contained white No. 5 capsules, the form in which heroin is usually sold in the street. He also noted that the capsules were not the patent medicine pills indicated on the label, which he knew to be larger than the No. 5 capsules and a different color. Appellant admitted that the bottle belonged to him although claiming to have no knowledge of its contents. Later tests confirmed that the capsules contained heroin. Almost all of the above facts, derived from the testimony of the police officers, were denied by appellant.

We find no merit in appellant's claim that the heroin was the product of an illegal search and seizure. Evidence which is in plain view is not the product of a search. *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N. E. 2d 413; *Ford* v. *State* (1971), 257 Ind. 498, 275 N. E. 2d 808. The brown bottle with a patent medicine label was plainly visible on the chest in the one-room apartment, and its contents were plainly visible. The officer noted that the capsules were not the patent medicine pills listed on the label but were the size and color of heroin capsules in their typical market form. The officer therefore had reasonable cause to believe that the pills which he saw in plain view were in fact heroin capsules. The officers violated no Constitutional rights in entering the apartment for it was only at appellant's request that they went back to his apartment at all. The officers in no way initiated or suggested this course of action. Under these circumstances we cannot say the entry was illegal nor can we say the seizure was unreasonable. The existence of conflicting testimony on most of these points is of no avail to appellant because the

weight to be given conflicting testimony on this issue is for the trial court to decide; this Court will not weigh the credibility of witnesses. See, *Schmidt* v. *State* (1970), 255 Ind. 443, 265 N. E. 2d 219; *Smith* v. *State* (1969), 252 Ind. 425, 249 N. E. 2d 493; *Davis* v. *State* (1968), 249 Ind. 596, 233 N. E. 2d 642. No error resulted from the admission of the heroin into evidence.

We also find no merit in appellant's contention that the evidence was insufficient to prove that appellant had possession and control of the heroin. When reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses. Only that evidence most favorable to the State and the reasonable inferences to be drawn therefrom will be considered. As long as there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the verdict will not be disturbed. *Jackson* v. *State* (1971), 257 Ind. 477, 275 N. E. 2d 538. The heroin was found on a chest in appellant's apartment. Although the apartment was also occupied by appellant's common law wife, he admitted that he owned the bottle. This is sufficient for the jury to drawn the reasonable inference that appellant also owned the heroin capsules contained in the bottle.

For the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents with Opinion.

DISSENTING OPINION

DeBruler, J.—I dissent. The officer on this case testified that through a fortuitous set of circumstances he found himself (and three other officers) inside the appellant's apartment without a search warrant. Once inside the apartment, the

officer testified that he "looked around" and saw a "small, probably two inch bottle, its amber in color" on a dresser. According to the officer:

"A. I picked up the bottle and I asked Mr. Griffin if it was his.

Q. What did Mr. Griffin reply?

A. He admitted that the bottle was his, but he didn't know what was in it.

Q. All right, and then what did you do next, Officer?

A. At that time I examined the contents of the bottle and placed Mr. Griffin under arrest . . ."

Assuming arguendo that the four officers were invited into the apartment while the appellant told his common-law wife he was being arrested, such an invitation does not include in it a consent to search the apartment or investigate "suspicious" pill bottles on dresser tops. The mere fact that the original pills were not in the bottle, assuming this could be determined through an amber bottle approximately two inches high, certainly does not constitute probable cause to seize the bottle. There is no evidence that a number five capsule is an unusual or distinct size nor any evidence that only illegal substances are packaged in such a capsule. Nor does the evidence support the conclusion that the "discovery" of the capsules by this narcotics officer was inadvertent.

NOTE.—Reported in 285 N. E. 2d 644.