LLOYD MILLER *v.* STATE OF INDIANA.

[No. 1-972A76. Filed May 2, 1973.]

*Harry L. Zerbe,* of Lawrenceburg, for appellant.

*Theodore L. Sendak,* Attorney General, *John H. Meyers,* Deputy Attorney General, for appellee.

LOWDERMILK, J.—Defendant-appellant was charged with the offense of armed robbery, convicted by a jury of his peers and duly sentenced to ten years imprisonment.

A motion to correct errors was filed and overruled by the court, and this appeal follows:

The facts most favorable to the State are that the appellant, about 10:30 P.M. on March 25, 1969, entered the bar of the Biddle Hotel in Sunman, Indiana, with a woman's stocking over his head and holding a pistol in his hand. He threatened to shoot anyone who resisted him and robbed the people patronizing the bar and took the money from the cash register. After warning all persons in the bar not to follow him, he jogged slowly to a Chevrolet parked up the street from the hotel.

One John Allgier was in attendance in the bar room that evening and followed the defendant-appellant within forty feet without losing sight of him and observed him get into the passenger side of a Chevrolet automobile, as an accomplice who had been standing nearby got in the driver's side.

The Chevrolet had not traveled two blocks when State Patrolman Eldon Cornelius, happening along, was stopped by Allgier, who entered the car with him and they started in hot pursuit. The pursuit was short lived, as the Chevrolet straightened out a sharp curve and ran off the road. After the car was stopped the occupants got out of the respective sides they had entered and defendant-appellant was no longer wearing a stocking over his head. The State Patrolman immediately arrested and handcuffed both occupants, frisked them and put them in his patrol car, after which he returned to the Chevrolet which had been abandoned with the doors left open. Patrolman Cornelius then looked into the Chevrolet with the

aid of a flashlight and observed a .45 caliber pistol unconcealed on the rear floor board on the passenger's side, and a woman's stocking was seen unconcealed by the seat on the passenger's side.

A search of the defendant revealed a billfold taken in the robbery in one of his pockets, together with money in the seat of his pants. Witness and victim Allgier's billfold was found in the ditch near to the abandoned Chevrolet and was taken into custody by Trooper Cornelius.

An additional search of defendant-appellant the next day in jail where he had been held overnight in a cell by himself revealed money in his left sock.

Two witnesses testified for the State that they saw both the defendant and his accomplice outside the Chevrolet in Sunman.

Defendant-appellant's wife testified, along with another person, that he had a crippled ankle which made it unlikely that he could run from the bar, but this evidence corroborates that of the State, that he did not run, but more or less jogged in a somewhat crippled condition when he left the bar.

The appellant's first contention was that the verdict of the jury was not sustained by sufficient evidence. Under this specification he contends that although there was one eye witness who identified the defendant, the evidence failed to exclude a reasonable hypothesis of innocence and therefore there was not sufficient evidence to convict.

Our Supreme Court, in the case of *Douglas* v. *State* (1970), 254 Ind. 517, 535, 261 N.E.2d 567, stated:

> ". . . In this state this Court has held that the uncorroborated testimony of the victim is sufficient to sustain the judgment of conviction. *Grimm* v. *State* (1970), 254 Ind. 150, 258 N.E.2d 407."

and also said, after citing *Bush* v. *State* (1968), 251 Ind. 84, 237 N.E.2d 584:

> ". . . When the question of the sufficiency of the evidence is raised the Supreme Court will consider all that evidence

most favorable to the State together with all the reasonable inferences to be drawn therefrom. *Fisher* v. *State* (1966), 247 Ind. 529, 219 N.E.2d 818."

In our opinion, there was sufficient evidence to sustain the conviction.

Appellant's second contention of error is that the court's permitting John Allgier to testify, over defendant's objection, as to the contents of a wallet when appellant contends the State admittedly did not prove the chain of evidence of the item, was reversible error. He further contends that the allowing of evidence about what the item was and other circumstances connected with it without first proving the chain of evidence and without introducing it, was prejudicial error.

Appellant's fourth contention is so similar to the second that they will be treated together. It is that the court committed prejudicial error in permitting the court reporter to identify certain exhibits which had been introduced into evidence in the trial of defendant-appellant's accomplice, which case was reported by the same reporter. Appellant contends said reporter admitted during preliminary questioning that she did not know anything about the origin of the exhibits or anything else about them except what she had heard in court.

The record before us discloses that John Allgier was permitted to testify, over objection, as to the contents of the wallet. The record also discloses that he was permitted to identify the wallet itself and the contents thereof, over defendant's objection.

A careful examination of the evidence reveals that all of the exhibits in question, and other exhibits, were properly identified and a continuous chain of custody was established for all of the exhibits and, therefore, the court properly admitted the billfold and its contents into evidence. We find no error in permitting the court re-

porter to testify, as her testimony only helped establish the chain of custody of certain exhibits.

Appellant's third contention is that the court erred in admitting Officer Cornelius' testimony, which described his observation of the .45 caliber pistol and a woman's stocking, characterized as a "mask," on the floor of the car after it was stopped.

Defendant-appellant's contention is that these objects were obtained without a search warrant or a waiver by the defendant after the defendant and his accomplice had been placed under arrest, informed of their rights, handcuffed and placed in the State Trooper's car.

It is our opinion that the arrest was lawful and there was no search and seizure in this case. This court has held, in the recent opinion written by Judge Robertson, in the case of *Presley* v. *State* (1972), 152 Ind. App. 637, 284 N.E.2d 526, that objects in plain view are subject to seizure and may be introduced into evidence and are not the result of any search.

Our Supreme Court stated, in the case of *Alcorn* v. *State* (1970), 255 Ind. 491, 265 N.E.2d 413, after discussing the "plain view" doctrine, as follows:

". . . Under this rule, evidence concerning that which is in plain view is not the product of a search. . . ."

The evidence in *Alcorn, supra,* was that a police officer had glanced into the back seat of a properly stopped car with his flashlight and had seen evidence in plain view. The court, in quoting from *Marshall* v. *United States* (1970), 422 F. 2d 185, held that the use of a flashlight to look into a car did not transform the viewing of evidence in plain view into a search. The court held that the flashlight was proper and that evidence in plain view is admissible.

In the case at bar the use of a flashlight to look into the car was necessary, proper and legal, and did not constitute a search under the plain view doctrine.

See, also, *Ford* v. *State* (1971), 257 Ind. 613, 275 N.E.2d 808; *Lynch* v. *State* (1972), 258 Ind. 284, 280 N.E.2d 821.

Judgment affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 295 N.E.2d 632.