Carol L. YOUNG, Appellant,

v.

STATE of Indiana, Appellee.

No. 1084S378.

Supreme Court of Indiana.

May 28, 1985.

Nancy L. Broyles, McClure, McClure & Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A jury trial resulted in the conviction of appellant for dealing in cocaine, a Class A felony. Appellant was sentenced to twenty (20) years imprisonment.

The facts are: On January 20, 1984, Indianapolis Police obtained a search warrant for appellant's residence located at 4705 Andover Square in Indianapolis. Appellant shared her home with three of her adult children and one Danny McClure. Pursuant to the search warrant, police entered the home and searched appellant's bedroom among other places. In the bedroom, in two locations, were plastic bags containing white powder later found to be cocaine. Inside a shoe box in the bedroom closet, officers found a strainer and a test tube containing cocaine residue. In the basement of the house the police found a "gram scale" and a box of plastic baggies. Police officers testified that this type of equipment was that used by drug dealers in packaging their products for sale.

Appellant claims the verdict of the jury is not supported by sufficient evidence in that the State of Indiana failed to prove either actual or constructive possession and also failed to prove possession with intent to deliver.

In the case at bar none of the cocaine was found on the person of the appellant. It is the general rule that where actual possession is absent constructive possession will sustain a conviction. *Thomas v. State* (1973), 260 Ind. 1, 291 N.E.2d 557. It is appellant's contention, however, that since four other adults occupied appellant's residence, she did not have exclusive possession of the premises and therefore the jury was in error in finding constructive possession.

However, the evidence in the instant case was that, although appellant shared the house generally with other adults, she in fact exercised private dominion over her own bedroom. It was in a drawer in her bedroom where some of the packages of cocaine were found. Other packages were found in her jewelry/cigarette box. This was the situation in *Griffin v. State* (1972), 259 Ind. 205, 285 N.E.2d 644, in which Griffin was convicted although he shared his apartment with his common law wife. Evidence in that case was that heroin capsules were found in a bottle which he admitted was his personal property. We therefore find there is evidence to support the jury's verdict that there was constructive possession of the cocaine by appellant.

As to appellant's contention of a failure to prove possession with intent to deliver, this Court has held that illegal possession of a large quantity of drugs is sufficient to sustain such a conviction. *Meiher v. State* (1984), Ind., 461 N.E.2d 115. In the case at bar, in addition to the quantity of cocaine being large, the cocaine had already been weighed and packaged in a manner described by the police as that expected for sale and delivery.

There is sufficient evidence in this record to sustain the verdict of the jury that appellant possessed cocaine with intent to deliver.

The trial court is in all things affirmed.

All Justices concur except HUNTER, J., who is not participating.